601 P.2d 327

**STATE of Arizona, Appellee,**

v.

**Earlie Lee DAVIS, Appellant.**

**No. 1 CA–CR 3775.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 14, 1979.

Rehearing Denied Sept. 27, 1979.

Review Denied Oct. 16, 1979.

Reversed and remanded with directions.

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., and Dennis C. Freeman, Asst. Atty. Gen., Phoenix, for appellee.

Andrews & Johnson by Judis R. Andrews, Phoenix, for appellant.

## OPINION

OGG, Chief Judge.

Appellant Earlie Lee Davis entered a guilty plea to the charge of assault with a deadly weapon, while armed with a deadly weapon, A.R.S. § 13–249(B), as amended 1976. He was sentenced to serve five to seven years in the Arizona State Prison. The issue on appeal is whether the prosecution breached the promises made by it in the plea agreement.

Appellant and the State entered into a plea agreement in which appellant agreed to plead guilty to assault with a deadly weapon, while armed with a deadly weapon, A.R.S. § 13–249(B) as amended 1976. In exchange, the prosecution made the following promises:

> State will dismiss allegation of prior AWDW. The State will not present an aggravation hearing.

At the time the plea was entered, the trial court explained the State's promises to appellant. As the court noted, the effect of

the State's agreement not to allege a prior conviction of assault with a deadly weapon meant that appellant was not faced, upon proof of the prior, with a mandatory ten years in prison without eligibility for suspension or commutation of sentence or for probation, pardon or parole until the ten years had been served.[1]

On appeal, appellant contends that the fact that the sentencing court considered the prior conviction in making its sentencing decision constituted a breach of the prosecution's agreement not to allege the prior. We do not agree. Clearly appellant was in a much different position at sentencing due to the State's dismissal of the allegation of the prior conviction than he otherwise would have been. Although the sentencing court, through the presentence report, considered appellant's entire criminal record in reaching his sentencing decision, the court was in a position to exercise its discretion to impose a sentence of five to seven years instead of the mandatory ten year sentence that would have resulted upon allegation and proof of the prior.

Appellant initially limited his argument on appeal to the question of whether the plea agreement was breached when the court considered his prior criminal record in sentencing. However, our review of the record pursuant to A.R.S. § 13–4035 (1978)[2] raised the additional issue that fundamental error may have been committed when the State, through the prosecutor assigned to this case, breached the spirit of the plea agreement.

Upon direction from this Court, supplemental briefs were presented and considered in the resolution of this issue.

Applying the law to the facts of this case, it is our opinion that the State breached the spirit of the plea agreement, and that this case must be remanded.

After the State entered into the plea agreement, the deputy county attorney who signed the plea agreement gave statements to the adult probation officer to be placed in a presentence report for use by the trial judge in determining the appropriate sentence in this case. The pertinent portion of that presentence report reads:

> This officer received a recommendation of sentence by Mr. Gregg Thurston on this matter. Mr. Thurston's recommendation is nine to ten years in the Arizona State Prison. He provided this officer with prior assault with a deadly conviction where the defendant completed a three to five year sentence in prison. It was his opinion that a review of the materials indicated that the defendant is prone to extensive violence and rationalizes his behavior by claiming that other parties caused the incident or were at fault as he has attempted to do so in this matter. Mr. Thurston states that the victim, Mr. Cantin and the witness, Mr. Lovelace sincerely believe that if Mr. Davis had the opportunity he would have cut Mr. Cantin's throat, possibly killing him.

In *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the United States Supreme established that:

> the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant *what is reasonably due in the circumstances.* Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a prom-

---

1. A.R.S. § 13–249(B) provides:

   B. A crime as prescribed by the terms of subsection A, committed by a person armed with a gun or other deadly weapon, is punishable by imprisonment in the state prison, *for the first offense, for not less than five* years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor more than life imprisonment, and in no case, except for first offense committed by a person armed with a deadly weapon other than a gun, shall the person convicted be eligible for suspension or commutation of sentence, probation, pardon or parole until such person has served the minimum sentence imposed.

2. Formerly A.R.S. § 13–1715 (renumbered § 13–4035 by Laws 1977, Ch. 142, § 161, effective October 1, 1978).

ise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. (Emphasis added) 404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

Subsequent federal cases interpreting *Santobello* have noted that a breach of a plea agreement occurs not only when the prosecution directly breaks its promise but also when the spirit of the inducement, reasonably inferred from the written agreement, is breached. *See, e. g., United States v. Shanahan*, 574 F.2d 1228 (5th Cir. 1978), agreement breached when prosecutor modified his position, taken at the change of plea hearing, via statements made in a probation department report; *United States v. Grandinetti*, 564 F.2d 723 (5th Cir. 1977), agreement breached when prosecutor expressed "reservations" at sentencing to sentence agreed upon in plea agreement; *Bergman v. Lefkowitz*, 569 F.2d 705 (2d Cir. 1977), reasonable to require prosecution to adhere to spirit of promise made in plea agreement; *United States v. Crusco*, 536 F.2d 21 (3d Cir. 1976), agreement breached when government responded to argument of counsel at sentencing hearing in face of its unqualified promise not to take a position on sentencing; *United States v. Ewing*, 480 F.2d 1141 (5th Cir. 1973), agreement not to oppose request for probation breached when prosecutor impeached counsel's factual arguments for probation at mitigation hearing.

Arizona has followed the reasoning of *Santobello* in holding that the State is bound by the terms of a written plea agreement which has been used to induce a guilty plea. *State v. Stone*, 111 Ariz. 62, 523 P.2d 493 (1974); *State v. Richard*, 109 Ariz. 65, 505 P.2d 236 (1973). The most analogous Arizona case appears to be *State v. Rogel*, 116 Ariz. 114, 568 P.2d 421 (1977). In *Rogel*, the defendant entered into a written plea agreement whereby he agreed to enter a plea of guilty in exchange for the

State's agreement not to make any recommendation on sentencing. The presentence report disclosed that the investigating police officer had recommended that a lengthy sentence be imposed upon the defendant. The Arizona Supreme Court held this was not error because there was no objection to the presentence report, and the statement had been made by a police officer rather than by a prosecutor who would have been bound as a party to the plea agreement.

In the case before us, the appellant's attorney did object to the presentence report. At the mitigation hearing, which had been combined with the sentencing hearing, the appellant's counsel made a motion to strike the presentence report. The trial court denied the motion, and ruled that he would consider the presentence report as presently written. Unlike *Rogel*, the statements made in this case were made by the very deputy county attorney who had signed the plea agreement agreeing that the State would not present an aggravation hearing. In our view, the written promise in this case that the State "will not present an aggravation hearing" carries the reasonable inference that the State itself will not attempt to place before the court evidence that would normally be adduced at an aggravation hearing.[3] Further, the agreement not to present an aggravation hearing was clearly an inducement for the plea, as is shown by the written agreement as well as by the transcript of the change of plea proceedings.

We do not hold that the sentencing court was barred from considering appellant's prior criminal record provided to it elsewhere in the presentence report. However, the prosecutor's recommendation of a nine to ten year prison sentence, and his statements to the court, through the presentence report, that appellant was a violent and dangerous person with a prior conviction, and that the victim would testify that he was in fear of his life in this offense, was a

---

**3.** The trial court itself so interpreted the promise in explaining to appellant at the change of plea hearing that the agreement not to present an aggravation hearing meant that the State will not "bring out bad things against you."

**568**

clear violation of the essence of the State's agreement not to produce evidence in aggravation. In our view, the action of the prosecution in providing such information via a probation office report was even more damaging than presenting an aggravation hearing, since it included hearsay testimony of witnesses without providing for cross-examination.

A guilty plea involves a waiver of constitutional rights, *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and appellant, who was induced to plead guilty by an unkept plea bargain, should be allowed the opportunity to withdraw the plea.

Appellant has not requested that his conviction be vacated or that he be allowed to withdraw his guilty plea. Appellant does request that his sentence be vacated and that his case be remanded for resentencing. *See United States v. Shanahan, supra.* A difficulty that arises is that, although the sentencing judge committed no error, we have no way of knowing what effect the prosecutor's breach of the plea agreement had on the sentence imposed by the court. Therefore, we reverse appellant's sentence and remand the case to the superior court for resentencing proceedings before a different sentencing judge. A new presentence report should be prepared consistent with this opinion.

Reversed and remanded with directions.

SCHROEDER, P. J., and JACOBSON, J., concur.