613 P.2d 857

**STATE of Arizona, Appellee,**

v.

**Dennis M. KELLY, Appellant.**

**No. 1 CA–CR 4388.**

Court of Appeals of Arizona, Division 1, Department A.

June 26, 1980.

194

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Greg A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Thayer C. Lindauer, P. C. by Thayer C. Lindauer, Phoenix, for appellant.

## OPINION

FROEB, Presiding Judge.

Appellant contends in this case that the State violated the terms of the plea agreement and that as a result he is entitled to have his sentence vacated and to be resentenced. We reject the contention and affirm the sentence, but in doing so point out a serious problem in the plea bargaining process.

Appellant was charged with five counts of assault with a deadly weapon or force. The charges arose out of a dangerous confrontation between appellant and others involving violence and gunplay. Prior to trial, the State entered into a plea agreement with appellant in which appellant pleaded guilty to one count of assault with a deadly weapon or by means or force likely to produce great bodily injury in violation of A.R.S. § 13-249(A). The State agreed to dismiss the remaining four counts of assault and not to file any further charges arising out of the incident.

The parties stipulated that:

The State will take no position on sentence PROVIDED HOWEVER that the ᾽prosecutor may provide the presentence probation officer with names, addresses and phone numbers of victim[s] and other persons who may be of aid in the preparation of his report; neither the State nor Defendant will seek a presentence hearing for the purpose of aggravation or mitigation.

A presentence report was prepared and submitted to the court by the Adult Probation Department. Prior to its preparation, the. prosecutor's office handed over to the probation officer in charge of preparing the report a packet containing nine police reports referring to bad acts of the appellant other than those involved in the present charges. It appears that the prosecutor did not specifically direct that the reports be furnished but the reports were sent to the probation officer in accordance with routine administrative procedure in the office of the county attorney. The prosecutor was not aware at the time that they were furnished to the probation officer.

Appellant filed objections to the presentence report to the effect that matters in the report were deficient and inaccurate.

The objections also challenged the correctness of certain entries in the attached FBI rap sheet, as well as the contents of a psychological report. Appellant requested the presentence report be stricken and that the court order a new report be prepared, or in the alternative that the record be clarified and made accurate. An extensive hearing was thereafter held at appellant's request lasting five days at which both the appellant and the State offered witnesses and evidence. At the conclusion of the hearing, appellant moved to strike the probation report as having been prepared through the use of aggravation materials ordered to be disclosed to appellant and not so disclosed and on the basis that the materials utilized to prepare the presentence report constituted a violation of the plea agreement. The motion was denied. Appellant was thereafter sentenced to not less than two nor more than three years.

Appellant presents three issues on appeal:

1. Does the transmittal by the prosecutor to the probation officer of nine derogatory reports constitute a violation of Paragraph II of the plea agreement by the State requiring resentencing of the defendant?

2. Does the argument of the prosecutor upon sentencing that no probation be granted to the defendant constitute a violation of the plea agreement requiring that the defendant be resentenced?

3. Did the trial court err in denying defendant/appellant's motion for stay of execution and to be released pending appeal upon his own recognizance?

■ The first issue raises no reversible error because transmission of the reports by the county attorney's office to the probation officer violates neither the express language nor the "spirit" of the plea agreement. The agreement does not bar the prosecutor from giving information to the probation officer. In fact, it expressly permits the prosecutor to provide "names, addresses and phone numbers of victim[s] and other persons who may be of aid in the preparation of [the] report." Clearly the prosecutor could provide the names of the officers who prepared the nine reports who in turn would no doubt have furnished copies to the probation officer. It would approach nonsensical proportions to read into the plea agreement the restrictions suggested by appellant.

■ The second issue raised by appellant concerns the following statements made by the prosecutor at the conclusion of the evidentiary hearing:

The defendant has pointed out that trucking is a rough business; it's physical business I think that that's probably true. I think the truckers tend to deal with their problems in a physical manner. I think that they also tend to take care of their own problems. And occasionally there will be someone that acts outside the code, even of that society. Dennis Kelly has consistently acted outside the code of even that society.

A ten year top on this particular offense, Your Honor, considering that the victims recovered and so on, that would seem like a lot. But the legislature allowed that for cases where appropriate factors occur, where there have been—where there's been a history of assaultive behavior. And there has here. In 1965 a man died. In 1976 two teenagers were shot at, had bullet holes in their car. In James Berry Reck was—had the wits practically scared out of him with a threatening as a result of a telephone call he made.

*Your Honor, we feel probation is out of the question in this particular case,* partly because, as Darby Jones testified, a presentence probation officer has several probationers at a time, or a goodly number, and he has to rely on them: he has to rely on their word; he has to be able to know if they say they're going to go from A to B, they're going from A to B. He has to be able to rely on them when he asks, "Are you having any difficulties? Are you in any trouble?" to have that probationer say: yes. Testifying to the importance of that is simply for management purposes. Probation officers wouldn't stand a chance with Dennis Kelly. He's quite believable. He's quite

credible, comes across quite well. I suggest he practices a lot. (emphasis added)

The statements of the prosecutor equate to taking a position on sentence and are contrary to the terms of the plea agreement earlier quoted. A reading of the transcript of the entire evidentiary hearing, however, gives justification to the quoted statements and leads us to conclude that the plea agreement was not violated by the State. Appellant's challenge to the accuracy of the presentence report led inevitably, at the hearing, to argument by appellant as to mitigating circumstances. This, itself, was a violation of the plea agreement. As a consequence, the State's defense of the accuracy of the presentence report also gave way to statements relating to aggravating circumstances. The result was unquestionably the taking of a position on sentence by both sides. There was no objection at the time. We hold therefore that the State did not violate the provisions of the plea agreement because appellant had waived those provisions himself when he urged mitigation. Aware of the problem, the court stated later at the post-sentencing hearing that it would consider only the mitigating circumstances and that the aggravating circumstances were considered not for sentencing but only as to issues of credibility.

Our conclusion is not inconsistent with *State v. Davis*, 123 Ariz. 564, 601 P.2d 327 (App.1979). In that case, the court found the plea agreement had been violated where the state promised not to "present an aggravating hearing" but nevertheless forwarded aggravating statements to the probation officer which the latter included in his report. The situation here is different. The plea agreement provided that neither the State nor the appellant would seek a presentence hearing for the purpose of aggravation or mitigation. Appellant sought an evidentiary hearing and proceeded to bring out elements of mitigation. The State did not breach the agreement in responding to them.

■ The final issue relates to the refusal of the trial court to release appellant on his own recognizance pending appeal. Since release was based upon argued error which

we have rejected, there is no merit to the issue now. The matter was discretionary with the trial court and we find no error.

■ Finally, we note that this case is another example of the problem created in the plea bargaining process when the parties agree to terms which would prevent the sentencing court from obtaining relevant information concerning the defendant. While we have held that the agreement in this case did not bar the State from giving reports to the probation department, we look with great concern upon any plea agreement which would prevent the court from obtaining complete sentencing information. One of the most important elements of the criminal justice system is just and informed sentencing by a trial court furnished with all relevant sentencing data. In our opinion, a plea agreement which prevents this is detrimental to society and a fraud on the court. Public policy may require us to take a closer look at such agreements in the future.

Affirmed.

DONOFRIO and WREN, JJ., concur.