625 P.2d 960

STATE of Arizona, Appellee,

v.

Dennis LIMPUS, Appellant.

No. 1 CA–CR 4394.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 19, 1981.

Rehearing Denied March 17, 1981.

Review Denied March 31, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Division, Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James R. Hart II, Deputy Public Defender, Phoenix, for appellant.

Brice E. Buehler, P.C. by Brice E. Buehler, Phoenix, for appellant.

## OPINION

EUBANK, Judge.

Appellant pled guilty to two counts of sexual exploitation of a minor, a Class II felony, in violation of A.R.S. §§ 13–3552, 13–3551, and one count of photographing a minor engaged in sexual conduct, a Class III felony, in violation of A.R.S. §§ 13–3508 and 13–3501. The state dropped additional allegations of two counts of sexual conduct with a minor and one count of photographing a minor engaged in sexual conduct. The plea agreement recited that the state took no position on sentencing. Following a mitigation hearing in which the sole witness to testify was Dr. Michael B. Bayless, appellant's psychologist, appellant was sentenced to serve a term of seven years in the Arizona State Prison on Count I, sexual exploitation of a minor, five years in the Arizona State Prison on Count II, photographing a minor engaged in sexual conduct, and seven years in the Arizona State Prison on Count IV, sexual exploitation of a minor, all sentences to run concurrently.

Appellant filed a timely notice of appeal and raises six issues for our consideration:

1) Whether the state breached the plea agreement by taking a position on sentencing during the cross-examination of Dr. Bayless;

2) Whether A.R.S. § 13–3552 is constitutionally void for vagueness;

3) Whether A.R.S. § 13–3508 is constitutionally void for vagueness;

4) Whether the record reveals a factual basis for appellant's plea to each count;

5) Whether the record reveals that appellant understood the nature of the charges to which he pled guilty; and

6) Whether the sentences imposed on appellant constitute an abuse of discretion and are excessive.

## CROSS-EXAMINATION OF DR. BAYLESS

Appellant contends that during the cross-examination of Dr. Bayless, the state breached the plea agreement by taking a position on sentencing. At the time appellant entered his pleas, defense counsel and the prosecutor agreed on the record that counsel for the state could cross-examine appellant's mitigation witnesses, notwithstanding the state's promise to take no position on sentencing. Approximately five weeks later, the mitigation hearing was held, and appellant complains that in two instances the state breached the plea agreement.

The first instance occurred when the deputy county attorney cross-examined the psychologist regarding confessions of alleged prior bad acts made by the appellant to Dr. Bayless during the course of their counseling sessions. Defense counsel objected, and the following exchange occurred:

MS. SLOSS [defense counsel]: Your Honor, I object to this line of questioning. First of all, he said he took a complete history. Specific details of any acts are completely irrelevant to this case. He is here to give his opinion on the situation today and prognosis for the future, being aware of all the situations. And going into detail about past acts is really completely irrelevant, No. 1, and No. 2, the County Attorney's Office said in the plea agreement that they were not going to introduce any evidence or new testimony.

MR. WILLIAMS [prosecutor]: We said we would take no position on evidence. Dr. Bayless has gotten up here and given a lot of theories, a lot of conclusions and very little facts. If he doesn't have a complete history, he has nothing to base his statements on. The State doesn't have to sit here with its tongue tied in a mitigation hearing even though we are not introducing any evidence.

THE COURT: The objection is overruled. You may proceed.

Appellant contends that the second instance in which the state took a position on sentencing occurred during the following exchange:

Q [prosecutor]: I understand from what you testified to on direct that you can, correct me if I'm wrong, but you don't believe in sending someone to prison for a punishment, is that correct?

A [Dr. Bayless]: I think that prison is designed for—it is my understanding in working with the court system, it is designed for rehabilitative process and as a protection against society, protection for society. Excuse me.

Q: But my question was, that you, Dr. Bayless, do not believe in sending someone to prison for punishment.

A: I don't believe in punishment for the pure sake of punishment for any reason, because it is proven statistically and behaviorally that punishment is not a very effective means of controlling human behavior, and as a result of that, it in fact increases negative behavior, as we have seen many times in our contact with criminal activity. Consequently, I think rehabilitative treatment is the focus of our court system and our judicial system, is it not?

Q: Do you think prison psychologists at the Arizona State Prison are incompetent?

A: I could not—

Q: Let me change the question. That is negative. Do you think the prison psychologists are competent?

A: I cannot really—I think each individual, as a psychologist or a psychiatrist, based on their degrees and based on their experience, should in fact be competent, of course. However, I do not know who is at the Arizona State Prison. I don't know the psychologists or psychiatrists there and, therefore, I could not really accurately make a statement as to their competency level.

Q: It would be nearly impossible to sodomize 15 year old boys at the Arizona State Prison, wouldn't it?

A: I don't believe we send 15 year old boys to the Arizona State Prison.

█ In *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the United States Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." 404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433. Thus, a breach by the state of an agreement to make no recommendation on sentencing constitutes reversible error. *State v. Barnes*, 118 Ariz. 200, 575 P.2d 830 (App.1978). A breach of an agreement to take no position on sentencing occurs not only when the state directly breaks its promise, "but also when the spirit of the inducement, reasonably inferred from the written agreement, is breached." *State v. Davis*, 123 Ariz. 564, 567, 601 P.2d 327, 330 (App.1979). Thus, the issue in the instant case is whether the state's cross-examination of Dr. Bayless amounted to a breach of the plea agreement. We hold that it did not.

The Arizona courts have addressed this issue several times. In *State v. Davis, supra*, this court held that the prosecutor's recommendation of a nine to ten year prison sentence and statements regarding the defendant's history of violence made in a pre-sentence report constituted a breach of the agreement to take no position on sentencing. *See State v. Kelley*, 126 Ariz. 193, 613 P.2d 857 (App.1980). Additionally, as cited in *State v. Davis, supra*, a number of federal courts have ruled on the issue. Thus, when a prosecutor expressed a position through statements made in a proba-

tion department report, the action of the prosecutor was determined to violate the spirit of the plea agreement. *United States v. Shanahan*, 574 F.2d 1228 (5th Cir. 1978). And, at sentencing, when counsel responded to an argument by defense counsel, the action constituted a breach of the plea agreement. *United States v. Crusco*, 536 F.2d 21 (3rd Cir. 1976). *See also, United States v. Grandinetti*, 564 F.2d 723 (5th Cir. 1977); *Bergman v. Lefkowitz*, 569 F.2d 705 (2nd Cir. 1977); and *United States v. Ewing*, 480 F.2d 1141 (5th Cir. 1973).

■ A review of the cases cited above reveals that in those instances where courts have found a violation of a plea agreement, a prosecuting attorney has taken some action which clearly stated his position or personal opinion in regard to the sentence to be imposed, and the position or opinion was communicated either directly or indirectly through the pre-sentence report to the sentencing court. In this case, we find nothing in the quoted portions of the transcript which reflect the prosecutor's position or his recommendation as to the sentences in this case. The deputy county attorney declined to make an argument at the mitigation hearing and declined to make a recommendation to the probation officer preparing the pre-sentence report. At no place in the record is there contained a recommendation or a statement of opinion on sentencing by the prosecutor. The quoted portions of the transcript reflect proper cross-examination, testing the credibility of the expert's opinion as previously agreed upon between appellant's counsel and the deputy county attorney. We hold that there was no violation of the plea agreement.

## CONSTITUTIONALITY OF A.R.S. §§ 13–3552 AND 13–3508

■ For his second and third issues, appellant asserts that A.R.S. §§ 13–3552 and 13–3508 are so vague in terminology as to render them unconstitutional under the Sixth and Fourteenth Amendments to the United States Constitution. Due process notions of fundamental fairness require

that criminal offenses be defined in terms sufficient to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. *State v. Varela*, 120 Ariz. 596, 587 P.2d 1173 (1978). The underlying principle for the requirement is that no person should be required, at the risk of his liberty, to speculate as to the meaning of a criminal statute. Thus, "a statute which forbids * * * an act in terms so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application violates the first essential of due process of law." *Connally v. General Construction Company*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1925).

A.R.S. § 13–3552(A)(1) to which appellant pled guilty provides:

A. A person commits sexual exploitation of a minor by knowingly:

1. using, employing, persuading, enticing, inducing, or coercing a minor to engage in or to assist others to engage in sexual conduct for the purpose of producing any visual or print medium depicting such conduct.

Appellant admitted that on two occasions, he engaged in oral sex with the 15 year old victim and then photographed the victim's erect penis. "Sexual conduct", as used in A.R.S. § 13–3552, is defined in A.R.S. § 13–3551. The conduct with which we are concerned in this case is specifically defined in A.R.S. § 13–3551(2)(f) as "lewd exhibition of the genitals, pubic or rectal areas of any person." On appeal, appellant contends that the term "lewd" as used in the definitional statute does not sufficiently define a reasonably ascertainable standard of improper conduct. We disagree.

■ The terms "lewd and lascivious" have been held to be sufficiently definite in Arizona to charge a crime. *Lovelace v. Clark*, 83 Ariz. 27, 315 P.2d 876 (1957); *State v. Cota*, 99 Ariz. 233, 408 P.2d 23 (1965); *State v. Bateman*, 113 Ariz. 107, 547 P.2d 6 (1976). *See also Mayberry v. State*, (Okl.Cr.), 603 P.2d 1150 (1979); *Whaley v. State*, (Okl.Cr.), 556 P.2d 1063 (1976). When a term is not specifically defined by

statute, it must be given its ordinary meaning, and its definition must be sufficiently clear to be easily understood by the common man. *State v. Cota, supra.* In *State v. Cota,* the Arizona Supreme Court specifically noted that lewdness was a crime at common law, "and the words 'lewd and lascivious' are in common use so that a person of ordinary understanding may know what conduct on his part is condemned." 99 Ariz. at 237.

■ Though the term "lewd" may have different meanings in varying contexts, when it is used in the phrase "lewd exhibition of the genitals, pubic or rectal areas of any person," we believe that a person of ordinary intelligence would readily conclude that the exhibition of the erect penis of a 15 year old male constituted such conduct. *See State v. Galbreath,* 69 Wash.2d 664, 419 P.2d 800 (1966). We believe that a person of common understanding need not speculate that such conduct is proscribed by the statute. Accordingly, we reject appellant's vagueness contention and find no constitutional infirmity in A.R.S. § 13–3552(A)(1).

Appellant next contends that A.R.S. § 13–3508(A) is void for vagueness. The statute provides as follows:

> It is unlawful for any person knowingly to film, photograph, develop, distribute, exhibit, transport or sell any film, photograph, slide or motion picture, or the negatives thereof, in which minors are engaged in sexual conduct which is obscene as defined in § 13–3501 or other acts harmful to minors as defined in § 13–3501.

The definitional section of A.R.S. § 13–3501 with which we are concerned here is A.R.S. § 13–3501(3), which defines "harmful to minors" as:

> that quality of any description or representation, in whatever form, of nudity, sexual conduct, sexual excitement, or sadomasochistic abuse, when to the average adult applying contemporary state standards with respect to what is suitable for minors, it appeals to the prurient interest

of minors in sex, which portrays sexual conduct in a patently offensive way, and which does not have serious literary, artistic, political, or scientific value.

Nudity is defined in § 13–3501(5), and sexual excitement is defined in § 13–3501(8). Clearly, the photographs in the instant case depicted the victim in a state of nudity and sexual excitement. Appellant contends, however, that the standard defined in A.R.S. § 13–3501(3) is unconstitutionally vague. We disagree.

■ It is clear that our legislature relied on the case of *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), in drafting the obscenity statutes. The standard enunciated in *Miller* was specifically upheld by this court against an attack for vagueness in *State v. Navarrette,* 115 Ariz. 574, 566 P.2d 1050 (App.1977). As in *Navarrette,* it is difficult in this case to determine what appellant's specific contention is in regard to the standard's vagueness. He asserts that the standard imposed leaves a great deal open to subjective interpretation by the state or the public. Nevertheless, appellant has failed to present a clear argument supported by authority setting forth his position. Suffice it to say, that contemporary state standards and contemporary community standards apply to a determination of what is "patently offensive" and what "appeals to the prurient interest." *State v. Bartanen,* 121 Ariz. 454, 591 P.2d 546 (1979). We conclude that conduct prohibited as "harmful to minors" pursuant to A.R.S. § 13–3501(3) is susceptible to common understanding and is not objectionable.[1]

## FACTUAL BASIS

■ Appellant next argues that the record does not contain a factual basis for his plea of guilty to any of the charges, as required by Rule 17.3, Rules of Criminal Procedure, 17 A.R.S. The factual basis, however, may be established by the extended record including such items as the pre-

---

1. *See also, NGC Theatre Co. v. Mummert,* 107 Ariz. 484, 489 P.2d 823 (1971); *Barbone v.*

*Superior Court,* 11 Ariz.App. 152, 462 P.2d 845 (1969).

sentence report and the preliminary hearing transcripts. *State v. Brooks*, 120 Ariz. 458, 586 P.2d 1270 (1978); *State v. Diaz*, 121 Ariz. 16, 588 P.2d 309 (1978).

■ At the preliminary hearing, the victim testified that on January 4, 1979, and on January 18, 1979, appellant engaged in acts of oral sex with the victim and then took pictures of the victim depicting the victim's erect penis. At the time of the plea proceedings, the appellant clearly admitted engaging in such conduct on the two separate occasions.

A violation of A.R.S. § 13–3552(A)(1), is established by showing that the defendant has knowingly used, employed, persuaded, enticed, induced, or coerced a minor to engage in sexual conduct for the purpose of producing any visual or print medium depicting such conduct. We have already established that "sexual conduct" includes "lewd exhibition of the genitals." We have further established that the photograph of the erect penis of a minor is "lewd" within the common meaning of the term. Thus, we reject the appellant's contention that the trial court should have established for the record that a photograph of an erect male penis is "lewd" in order to establish a factual basis for a plea of guilty to two counts of sexual exploitation of a minor. We find that the record reveals a factual basis for the violations of A.R.S. § 13–3552.

Appellant also contends that the record fails to establish a factual basis for a plea of guilty to one count of A.R.S. § 13–3508. That statute prohibits photographing minors engaged in sexual conduct which is obscene or other acts harmful to minors. Appellant clearly admitted taking the photographs of the victim. We have established that the photograph depicts conduct which is "harmful to minors." Thus, the record establishes a factual basis for appellant's plea of guilty to one count of a violation of A.R.S. § 13–3508.

## APPELLANT'S UNDERSTANDING OF THE CHARGES

■ For his next assignment of error, appellant contends that the record did not reveal that he understood the nature of the charges to which he pled guilty. His argument in this regard stems from his void for vagueness arguments previously discussed. He asserts essentially that A.R.S. § 13–3552 and § 13–3508 were too vague to give him notice of what conduct was prohibited under the statutes and, therefore, he was unable to understand the nature of the charges to which he pled guilty. He further contends that the record reveals he was so confused that the trial court initially rejected his plea, and required him to recess with his attorney and return to court before the trial court would accept the plea. Appellant's contentions lack merit.

■ Rule 17.2(a), Rules of Criminal Procedure, 17 A.R.S., requires that before accepting a plea of guilty, the trial court shall inform the defendant and determine that he understands the nature of the charge to which the plea is offered. However, it is not necessary that the trial court advise the accused of the specific elements of the offense before accepting a guilty plea. *State v. Henry*, 114 Ariz. 494, 562 P.2d 374 (1977). The reading of the indictment or information may, in some cases, fulfill the requirement that criminal defendants be informed of, and understand the nature of, the charges against them. *Id.* In this case, the trial court read the information to the appellant and appellant indicated that he understood the charges against him. Furthermore, when the defendant admits acts constituting the elements of an offense, a recitation of those elements is unnecessary. *Id.* As previously discussed, the appellant admitted the elements of both offenses in open court.

Finally, we reject appellant's argument that the trial court's initial refusal to accept his plea indicates that he failed to understand the nature of the charges against him. At one point during the plea proceedings, appellant indicated that he did not recall the events of January 4, 1979, and the trial court refused to accept a guilty plea as to any offenses occurring on that date. A recess was taken, and when the parties

378

reconvened in open court, appellant recalled the events of January 4 and proceeded to enter his plea. Thus, the trial court's original rejection of the plea had no relation to appellant's understanding of the charges against him. Since we have already rejected appellant's claim of vagueness, we find the record establishes that appellant sufficiently understood the nature of the charges against him.

## EXCESSIVE SENTENCE

For his final assignment of error, appellant asserts that the trial court abused its discretion in imposing presumptive sentences. In support of his argument, he points to the fact that these convictions are his first convictions, that the only testimony presented at the pre-sentence hearing established that he was not a danger to society, and that it was likely that he would rehabilitate himself. His argument is basically that the trial court should have found these factors to be true and sufficient to call for mitigation of the presumptive sentences. A.R.S. § 13–702(E).

 It is axiomatic that a sentence within the statutory limits will not be disturbed on appeal unless it is clearly excessive and reveals an abuse of discretion. *State v. Baumann*, 125 Ariz. 404, 610 P.2d 38 (1980); *State v. Becerill*, 124 Ariz. 535, 606 P.2d 25 (App.1979). An abuse of discretion is characterized by arbitrariness or capriciousness, and a failure to adequately take into account the circumstances of the offense and the past conduct and moral character of the defendant. *State v. Gordon*, 125 Ariz. 425, 610 P.2d 59 (1980). It is clear from the record that the trial judge conducted an adequate investigation into the facts necessary for an intelligent exercise of his sentencing power. The judge considered the detailed pre-sentence report, the appellant's admission of the circumstances of the offenses, Dr. Bayless's written report, and heard Dr. Bayless's testimony. The trial judge was free to reject appellant's arguments and his evidence in mitigation. We find no abuse of discretion.

Nevertheless, appellant urges that the trial court erred in failing to specifically make findings of fact in support of the imposition of presumptive sentences. A.R.S. § 13–703(C) requires the trial court to make such findings only if it increases or decreases the presumptive terms on the finding of aggravating or mitigating circumstances. There is no requirement that it make such findings when it imposes a presumptive sentence as in this case.

For the foregoing reasons, the judgments and sentences are affirmed.

HAIRE, P.J., and JACOBSON, J., concur.