NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DELANEY RASHAWN NELSON, *Petitioner*.

No. 1 CA-CR 23-0486 PRPC

FILED 08-01-2024

Petition for Review from the Superior Court in Maricopa County
No. CR2020-144703-001
The Honorable Ronee Korbin Steiner, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Delaney Rashawn Nelson, San Luis
*Petitioner*

---

## MEMORANDUM DECISION

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Angela K. Paton joined.

---

**F O S T E R**, Judge:

¶1 Petitioner Delaney Rashawn Nelson petitions this court for review from the dismissal of his petition for post-conviction relief. This Court has considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2 Nelson pled guilty to count 1 (as amended): burglary in the first degree, and count 2 (as amended): kidnapping, both class 2 non-dangerous felonies with one prior felony conviction. The plea agreement stipulated to concurrent prison sentences between 8 and 14 years. The State dismissed four remaining counts from the indictment, the allegation of dangerousness, and the allegation of additional prior felony convictions. Nelson avowed to having no more than 7 prior felony convictions. The trial court sentenced Nelson to concurrent, slightly aggravated 12-year prison terms on each count.

¶3 Twenty-three months after sentencing, Nelson filed a notice and petition for post-conviction relief alleging ineffective assistance of counsel, double jeopardy, breach of the plea agreement, and numerous claims attacking the validity of the plea agreement and sentence. *See* Ariz. R. Crim. P. 33.1(a), (c), (e), (f), and (h). The trial court summarily dismissed the proceeding, noting Nelson's Rule 33.1(a) claims to be untimely and the delay unreasonable. The trial court also denied Nelson's request for counsel. Following the dismissal, Nelson petitioned for review.

## DISCUSSION

¶4 The denial of a petition for post-conviction relief is reviewed for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

**1.          Timeliness**

**¶5**          Nelson raises two related but separate claims regarding the timeliness of his notice and petition. First, Nelson argues that the trial court erred by finding his Rule 33.1(a) claims untimely. Second, Nelson asserts that the delay in filing his notice was not his fault. *See* Ariz. R. Crim. P. 33.1(f). This Court rejects both arguments.

**¶6**          Claims under Rule 33.1(a) must be filed within 90 days of sentencing. Ariz. R. Crim. P. 33.4(b)(3)(A). But a court may excuse an untimely filing "if the defendant adequately explains why the failure to timely file a notice was not the defendant's fault." Ariz. R. Crim. P. 33.4(b)(3)(D).

**¶7**          A defendant's untimely notice may also be excused if "the failure to timely file a notice of post-conviction relief was not the defendant's fault." Ariz. R. Crim. P. 33.1(f).  This provision "applies when a court has not informed a defendant of the right to seek post-conviction relief or when someone else has interfered with a defendant's attempt to file a timely petition." *State v. Ainsworth*, 250 Ariz. 457, 459, ¶ 7 (App. 2021).

**¶8**          On review, Nelson claims that his untimely notice was not his fault because he received ineffective assistance of counsel during plea negotiations and sentencing. Such a vague explanation does not excuse an untimely notice. *See State v. Krum*, 183 Ariz. 288, 294-95 (1995) (A petition presenting allegations that are vague, conclusory, or wholly incredible is subject to summary dismissal). Nelson does not claim that he mistakenly thought trial counsel had filed a notice or that the court did not advise him of his rights. Rather, the record shows that Nelson received and signed a copy of his Notice of Rights After Conviction and Procedure.

**¶9**          Because Nelson fails to adequately explain why his untimely notice was not his fault, the trial court did not abuse its discretion by finding his Rule 33.1(a) claims untimely or dismissing his Rule 33.1(f) claim. Further, because the trial court did not reach the merits of his Rule 33.1(a) claims, such as the claim of ineffective assistance of counsel, this Court declines to do so here. *See State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (court of appeals will not consider issues raised for the first time in a petition for review).

**2.          Request for Counsel**

**¶10**          Nelson argues that the trial court abused its discretion and violated Rule 33.4 by denying his request for post-conviction relief counsel.

A court must appoint counsel after an indigent defendant files a timely first notice for post-conviction relief or a timely successive notice raising ineffective assistance of counsel. Ariz. R. Crim. P. 33.5(a). Nelson meets neither criteria. The trial court did not abuse its discretion. *See State v. Harden*, 228 Ariz. 131, 134, ¶ 11 (App. 2011) (trial court may dismiss untimely "facially non-meritorious notices" without appointing counsel).

**3.       Remaining Claims**

**¶11**       Nelson raises a variety of arguments challenging the validity of the plea and the legality of his sentence. For the following reasons, this Court denies relief.

**¶12**       Nelson argues that his plea agreement was illegally enhanced using non-historical priors. Nelson pled guilty to amended counts 1 and 2 with one prior felony conviction each, thereby, enhancing his sentencing status from a category one offender to a category two repetitive offender. *See* A.R.S. § 13-703(B). The enhancing priors alleged were a class 4 felony from 2011 and a class 4 felony from 2008.

**¶13**       A class 4 felony may be a historical prior felony conviction if it "was committed within the five years immediately preceding the date of the present offense." A.R.S. § 13-105(22)(c). However, Nelson avowed to seven prior felony convictions and "any felony conviction that is a third or more prior felony conviction" may also be a historical prior felony conviction. A.R.S. § 13-105(22)(d). Based on the State's Allegation of Prior Felony Convictions and the criminal history report attached to Nelson's petition below, the 2008 and 2011 enhancing priors are a third or subsequent prior. Thus, there is strong evidence in the record to support Nelson's enhanced sentencing range. *See State v. Wallace*, 151 Ariz. 362, 365 (1986).

**¶14**       Next, Nelson claims that there is no factual basis to support a class 2 felony kidnapping conviction, only a class 4. Kidnapping is a class 2 felony when a person "knowingly restrain[s] another person with the intent to . . . [p]lace the victim or a third person in reasonable apprehension of imminent physical injury to the victim or the third person." A.R.S. § 13-1304(A)(4). Kidnapping is a class 4 felony only when "the victim is released voluntarily by the defendant without physical injury in a safe place before arrest and before accomplishing any of the further enumerated offenses in subsection A." A.R.S. § 13-1304(B). The factual basis may be established by the extended record, including presentence reports, the defendant's

admissions, and other sources. *State v. Limpus*, 128 Ariz. 371, 376-77 (App. 1981); *State v. McVay*, 131 Ariz. 369, 373 (1982).

¶15        Here, the record shows that Nelson pointed a gun at the first victim's head—even fired a round next to the victim's head—in order to force the second victim to let him inside the victims' house. He then forced both victims to walk through the house by pointing the gun at the victims' heads or chests. The victims escaped on their own. Neither condition supports a class 4 felony kidnapping conviction. The victims were restrained in the house by being placed in reasonable apprehension of imminent physical injury and the defendant did not release the victims voluntarily. A sufficient factual basis exists to support a class 2 kidnapping conviction.

¶16        Nelson also asserts that the kidnapping charge was illegally amended from a class 4 felony to a class 2 in the plea agreement. The record shows that the police agency submitted charges for kidnapping as a class 4 felony. However, contrary to Nelson's claims, Nelson was indicted with kidnapping as a class 2 felony. The plea agreement did not amend the class of felony of the kidnapping count.

¶17        Nelson contends that the court improperly aggravated his sentence by finding that he used a dangerous weapon when the allegation of dangerousness was dismissed in the plea agreement. Here, Nelson confuses a sentence enhancement with a sentence aggravator. Sentence enhancements change the range of penalties a defendant faces, while sentence aggravators are found by the trier of fact in order to deviate from the presumptive sentence within the range of penalties. *See State v. Bly*, 127 Ariz. 370, 372 (1980); A.R.S. § 13-701(C). The plea agreement dismissed the dangerous sentencing enhancement. In doing so, the sentencing range became slightly more favorable for Nelson. *Compare* A.R.S. § 13-704(A) *with* A.R.S. § 13-703(I). The plea did not dismiss the "[u]se, threatened use or possession of a deadly weapon" aggravator. A.R.S. § 13-701(D)(2). Nelson's sentence was properly aggravated.

¶18        Throughout his petition, Nelson makes conclusory allegations that his plea was involuntary and unintelligent. Nelson fails to cite to any evidence to support this argument; thus, summary dismissal was appropriate. *See State v. Leyva*, 241 Ariz. 521, 526, ¶ 13 (App. 2017) ("[A] challenge to plea proceedings is subject to summary dismissal when based on conclusory allegations unsupported by specifics.") (internal quotation marks omitted).

**CONCLUSION**

¶19  Review is granted and relief denied.



AMY M. WOOD • Clerk of the Court
FILED: AGFV