539 P.2d 952

**The STATE of Arizona, Appellee,**

**v.**

**Danny Fabian CIPRIANO, Appellant.**

**No. 2 CA–CR 584.**

Court of Appeals of Arizona, Division 2.

Sept. 12, 1975.

Rehearing Denied Oct. 15, 1975.

Review Denied Dec. 2, 1975.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Shirley H. Frondorf, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, by Henry W. Russell, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was convicted of assault with intent to commit rape. From the judgment imposing a sentence of not less than nine nor more than twelve years in the Arizona State Prison, he appeals.

The facts considered in a light most favorable to upholding the jury verdict are as follows. On the morning of September 24, 1974, the victim was walking to work down Ninth Street towards Fourth Avenue in Tucson when she was approached by appellant who was walking in the opposite direction. As the two passed, appellant grabbed the victim's buttocks stating, "I think I love you" and "I need you."

The victim proceeded towards the Fourth Avenue underpass, followed by appellant. As she started down into the underpass, another person walking in the same direction was just starting to emerge from the other end of the underpass. As they got under the underpass, appellant kept saying things like, "Hey, baby, I need you; I love you" and then he said, "Hey, I think I have a hard on" and he was at that time fondling his genitals. Appellant then pushed the victim up against the wall of the underpass, reciting the previously mentioned phrases, and tried to put his leg in between her legs. He started to shove her skirt up and grabbed for her crotch when she pushed him back and told him that if he didn't leave her alone it would be the last time he ever had a "hard on" because she was going to kick him. He then pushed towards her again and started unzipping his pants. She stomped on his foot and ran out of the underpass. She called the police from her office and they subsequently arrested appellant.

Appellant raises three questions on appeal. The first is whether the evidence is sufficient to support the conviction. The second is whether it was error to deny his motion for mistrial based on the fact that one juror stated, when the jury was polled, that the verdict was not his. Appellant's final contention is that the sentence is excessive.

■ Appellant contends that although the evidence may demonstrate that his acts were repulsive, there is no evidence of any intent to commit rape. We do not agree. To constitute the offense of assault with intent to commit rape, the defendant must be guilty of (1) assault, (2) an intent to have carnal knowledge of the female and (3) a purpose to carry this intent into effect by means of force and against the will of the female. *Middleton v. State*, 6 Md. App. 380, 251 A.2d 224 (1969); *People v. Stagg*, 2 Ill.2d 415, 194 N.E.2d 342 (1963), 1 Wharton's Criminal Law and Procedure, Sec. 323. The assault here occurred at 8:30 a. m. while the victim was on her way to work. Appellant argues that considering when and where the assault took place it was absurd to contend that the defendant intended to do the impossible, since the area in which the assault occurred was a well-traveled thoroughfare. The question of appellant's intent in this case was a jury question. *State v. Lester*, 11 Ariz.App. 408, 464 P.2d 995 (1970). There were sufficient facts from which the jury could find that appellant entertained such intent. In any event, the fact that appellant may not have been able to complete an act of rape is not a defense to the crime charged. *People v. Greene*, 34 Cal.App.3d 622, 110 Cal.Rptr. 160 (1973).

When the jury was polled, one juror stated that the verdict was not his. The court then stated that apparently one juror had changed his mind and told the jury to retire for further deliberation. The jury subsequently returned with the unanimous verdict. The second poll indicated that it was the verdict of each individual juror.

■ Rule 23.4 of the Arizona Rules of Criminal Procedure, 17 A.R.S., provides that upon being polled if the responses of the jurors do not support the verdict, the court may direct them to retire for further deliberation. Appellant claims that the juror may have been "pressured" into a ver-

dict but does not state the source of the pressure. Pressure from the other jurors will not serve as a basis for impeaching the verdict. *State v. Melcher*, 15 Ariz. App. 157, 487 P.2d 3 (1971). Nor does the record show any evidence of pressure from the court which would invalidate the verdict.

Appellant's final contention that the sentence is excessive is without merit. The pre-sentence report shows a history of antisocial behavior. The sentence reflects the proper use of the trial judge's discretion.

Affirmed.

KRUCKER and HATHAWAY, JJ., concurring.