672 P.2d 199

**The STATE of Arizona, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, and the Honorable J. Richard Hannah, Judge of the Superior Court, Division XII, Respondents,**

**and**

**Walter Thomas HUTTON, Real Party in Interest.**

No. 2 CA–CIV 4841.

Court of Appeals of Arizona, Division 2.

June 23, 1983.

Rehearings Denied Oct. 5, 1983.

Review Denied Nov. 15, 1983.

court in a murder case. Because the state does not have an adequate remedy by appeal and because we believe the court exceeded its jurisdiction, we assume jurisdiction and grant relief.

The real party in interest is facing prosecution for the December 10, 1982, stabbing death of Francisco Orozco. The state charged the real party in interest with first-degree murder and on January 13 and 14, a preliminary hearing on the charge was held before Pima County Justice of the Peace Thomas Rallis, who bound the real party in interest over to superior court on a charge of second-degree murder. This case is Pima County Cause No. CR–09877.

The state then proceeded to the grand jury and on February 22, 1983, the real party in interest was indicted on the original first-degree murder charge, designated as Cause No. CR–10164. Approximately one week later the state moved to dismiss the second-degree murder prosecution and on April 8, the real party in interest moved to dismiss the first-degree murder case. The respondent court denied the state's motion to dismiss and granted the defendant's. These two orders are the subject of this special action.

We first note that the denial of the motion to dismiss is nonappealable. A.R.S. § 13–4032. The state could appeal the dismissal of the first-degree murder prosecution, A.R.S. § 13–4032(1) but the remedy is not adequate since if the real party in interest goes to trial or pleads guilty to the second-degree murder charge, double jeopardy principles would eradicate the state's appellate remedy in the other prosecution.

The respondent court erred in denying the state's motion to dismiss the second-degree murder case since the reviewing magistrate at a preliminary hearing only has two options: either find probable cause to hold the accused or find that probable cause is lacking. Rule 5.3(a), Arizona Rules of Criminal Procedure, 17 A.R.S. Rule 5.4(b) additionally provides:

"Amendment of Complaint. The complaint may be amended at any time to conform to the evidence, but the magis-

Stephen D. Neely, Pima County Atty. by Janet K. Johnson, Deputy County Atty., Tucson, for petitioner.

Robert G. Benedict, Tucson, for real party in interest.

## OPINION

HOWARD, Chief Judge.

The state has brought this special action to challenge two orders of the respondent

**536**

trate shall not hold the defendant to answer for a crime different from that charged in the original complaint."

The comment to Rule 5.4(b) states:

"The magistrate—whether a justice, judge, justice of the peace, or city magistrate—is authorized to amend the complaint to correct only minor mistakes in allegations of fact. He has no power to amend the charge; he must either bind the defendant over or dismiss the complaint. Thereafter the prosecutor may file another complaint. This is the Arizona rule. See the 1956 Arizona Rules of Criminal Procedure, as amended, Rule 32(A); *State v. Colvin,* 81 Ariz. 388, 307 P.2d 98 (1957); *Application of Williams,* 85 Ariz. 109, 333 P.2d 280 (1958); *Bowman v. State,* 103 Ariz. 482, 445 P.2d 841 (1968)."

Under Rule 16.5, Rules of Criminal Procedure, a prosecutor, upon a showing of good cause, may move to dismiss a prosecution at any time. There was no showing of bad faith by the prosecutor or prejudice to the defendant, and the state had good cause to dismiss because of the erroneous ruling by the justice of the peace. A motion to dismiss was the proper vehicle to accomplish this. *State v. Johnson,* 113 Ariz. 506, 557 P.2d 1063 (1976), citing *State v. Gonzales,* 111 Ariz. 38, 523 P.2d 66 (1974).

■ The court also erred in dismissing the first-degree murder prosecution since the subsequent indictment superseded the prior information. A superseding indictment may be returned any time before trial. *United States v. Wilks,* 629 F.2d 669 (10th Cir.1980); *United States v. Herbst,* 565 F.2d 638 (10th Cir.1977). An indictment may supersede a prior complaint in superior court. *State v. Bojorquez,* 111 Ariz. 549, 535 P.2d 6 (1975). The respondent court, in its minute entry order, ruled that two prosecutions may not proceed simultaneously for the same offense and that the prosecution commenced first takes precedence. While we agree there is a potential double jeopardy claim, *Willhauck v. Flanagan,* 448 U.S. 1323, 101 S.Ct. 10, 65 L.Ed.2d 1147 (1980), the possibility vanishes here since the second-degree murder prosecution should have been replaced by the indictment in the first-degree murder case.

The order of the court denying the state's motion to dismiss in Cause No. CR–09877 is vacated and the court is ordered to grant said motion. The order granting the real party in interest's motion to dismiss the prosecution in Cause No. CR–10164 is vacated and the prosecution is ordered reinstated.

HATHAWAY and BIRDSALL, JJ., concur.