733 P.2d 676

**STATE of Arizona, Appellee,**

v.

**Ronnie Lee CAIN, Appellant.**

**No. 1 CA–CR 9957.**

Court of Appeals of Arizona,
Division 1, Department C.

Feb. 12, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel Criminal Div., Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa Co. Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

## OPINION

CORCORAN, Judge.

Appellant Ronnie Lee Cain (defendant), age 19, was originally charged with three counts of sexual conduct with a minor under 15 years of age, class 2 felonies and dangerous crimes against children. He was alleged in three counts to have had oral sexual contact with a 5–year–old girl on one occasion and sexual intercourse with her on two occasions while he was babysitting her. Cain waived his preliminary hearing pursuant to a plea agreement with the state. That plea agreement provided that defendant would plead guilty to an offense unrelated in nature to the sex offenses charged: one count of aggravated assault, a class 3 nondangerous and nonrepetitive felony. It also clearly states the assault statutes violated were A.R.S. §§ 13–1203(A)(3) and 13–1204(A)(1). It further provided that defendant would receive the presumptive sentence of 5 years' imprisonment. In exchange, the state dismissed the two sexual intercourse counts. Defendant was on probation for burglary and criminal damage felonies. The agreement provided that the 5 years' sentence would be concurrent with sentences resulting from the revocation of probation.[1]

---

1. The record does not explicitly state why the county attorney entered into this particular plea agreement, which is very advantageous to the defendant. However, the presentence report provided by the adult probation department indicates that the victim's mother was not willing

During the plea proceedings, the "factual basis" was dealt with in the following colloquy:

MR. [JUDIS R.] ANDREWS [Deputy Public Defender]: Your Honor, if this matter proceeded to trial the State's evidence would show that between August and December of 1985 that the defendant engaged in oral sex with a five-year-old girl in Maricopa County.... The defendant has admitted his complicity to the police in this matter and, of course, the girl of five years old had no standing to give her permission and I believe that forms a sufficient factual basis.

THE COURT: For aggravated assault?

MR. ANDREWS: Well, I understand the Court's question regarding aggravated assault, however, I think the wrongful touching of an individual with the intent to injure constitutes the aggravated assault.

THE COURT: You did touch her wrongfully?

MR. CAIN: Yes.

THE COURT: And you were going to injure her?

MR. CAIN: I was going to?

THE COURT: Yes.

MR. CAIN: No.

THE COURT: She was under 15 years old [2]; is that correct?

MR. CAIN: Yes, she was.

THE COURT: And she didn't give you permission to touch her?

MR. CAIN: No.

MR. ANDREWS: I do believe, Your Honor, there's no question that any time an adult touches a child for purposes of sexual conduct with a minor that that is wrongful touching with intent to injure simply because of the psychological repercussions of a child of five years old with regard to that kind of activity.

THE COURT: Did you touch her with the intent to insult her or provoke her? You insulted her, didn't you, by doing it?

MR. CAIN: No, I was really just being curious myself.

THE COURT: How did you let her touch you? What did you do to get her to touch you?

MR. CAIN: Well, I asked and she was agreeable.

THE COURT: Did you tell her it might hurt or did she think that you might hurt her if she didn't do it?

MR. CAIN: No, uh-uh.

THE COURT: Was there injury or anything?

MR. CAIN: No.

MR. [LARRY V.] CRONIN [Deputy County Attorney]: Your Honor, the child's testimony would be that the touching caused her pain.

THE COURT: Thank you. This occurred in Maricopa County?

MR. ANDREWS: Yes, Your Honor.

THE COURT: Do either counsel have any questions about the factual basis or the voluntariness of the plea?

MR. CRONIN: No, Your Honor.

MR. ANDREWS: No, Your Honor.

. . . .

THE COURT: The Court finds there is a factual basis for the defendant's plea of guilty.

The judge pro tempore then accepted the guilty plea to aggravated assault.[3] The

---

to testify in court and would not subject her daughter to that experience.

2. This reference to the victim's age is not explained in the record. The original charges of sexual conduct with a minor alleged that the victim was under 15 years of age. *See* A.R.S. § 13–1405(B). However, defendant did not plead to a violation of that section. A.R.S. § 13–1204(A)(4) makes an assault by one 18 years of age or more on a child 15 years of age or under an aggravated assault; however, § 13–1204(B) provides that such an aggravated as-

sault is a class 6 felony, not a class 3 felony, which is the amended charge set forth in the plea agreement. Indeed, § 13–1204(B) provides that if the victim of an aggravated assault committed in violation of § 12–1204(A)(1) or (A)(2) is under 15 years of age, then a class 2 felony is committed. Again, the plea agreement provides that defendant pleaded to a class 3 felony.

3. The deputy public defender and the deputy county attorney who participated in the change of plea proceeding are not those who signed the

record does not reflect that anyone reviewed A.R.S. § 13–1204 or any part of it during the proceeding.

Defendant was later sentenced to the stipulated presumptive term of 5 years, to run concurrently with sentences imposed as a result of the revocation of defendant's probation on the burglary and criminal damage offenses. This court has jurisdiction of defendant's appeal pursuant to Ariz. Const. art. 6, § 9 and A.R.S. §§ 12–120.-21(A)(1), 13–4031 and –4033.

On appeal, defendant contends that no factual basis existed for acceptance of a plea of guilty to aggravated assault, in violation of A.R.S. § 13–1204(A)(1). The Attorney General concedes error. We agree, and set aside the judgment and sentence.

■ Before accepting a plea of guilty, the trial judge must determine that a factual basis for the plea exists. Rules 17.3 and 26.2(c), Arizona Rules of Criminal Procedure; *State v. Rogowski*, 130 Ariz. 99, 101–02, 634 P.2d 387, 389–90 (1981). To establish the factual basis for the acceptance of a plea, the record must show evidence of each element of the crime to which the defendant pleads, *State v. Carr*, 112 Ariz. 453, 455, 543 P.2d 441, 443 (1975), as opposed to supporting the elements of the original charge being dismissed. *State v. Louden*, 127 Ariz. 249, 251, 619 P.2d 758, 760 (App.1980). Therefore, the state was required to provide a factual basis to show a violation of A.R.S. § 13–1203(A)(3), which provides the predicate assault definition, and A.R.S. § 13–1204(A)(1), which defines aggravated assault in this case: that defendant assaulted his victim *and* caused "serious physical injury." The only factual basis given to support the charge of aggravated assault was that defendant's actions caused the young girl pain. Pain alone does not satisfy the requirements of A.R.S. § 13–1204(A)(1).

A.R.S. § 13–105(31) states that *"Serious* physical injury:"

ncludes physical injury which creates a reasonable risk of death, or which causes serious impairment of health or loss or protracted impairment of the function of any bodily organ or limb.

■ Based on the above definition, the fact that the victim suffered pain when molested did not constitute *"serious* physical injury." *State v. Garcia*, 138 Ariz. 211, 673 P.2d 955 (App.1983).

In *Garcia*, the state argued that the victim received a "serious physical injury" within the meaning of the statute because her mental or emotional health was seriously impaired. The *Garcia* court stated:

The evidence does show that the experience was emotionally traumatic for her. However, the plain meaning of the statute does not include injuries which are solely mental or emotional. While "health" in the phrase "serious impairment of health", § 13–105(29) [now subs. 31], might be defined to include mental or emotional health ... it is clear that the legislature intended to limit the statute to impairments of physical health. See also *State v. Rossier*, 175 Conn. 204, 397 A.2d 110 (1978), where the Connecticut Supreme Court refused to find a serious physical injury under a similar statute where the assault victim's injuries consisted primarily of emotional trauma.

138 Ariz. at 214, 673 P.2d at 958 (1983).

■ Although the factual basis may be established by information found in an extended record, *State v. Limpus*, 128 Ariz. 371, 377, 625 P.2d 960, 965–66 (App.1981), the state concedes that the record contains no additional information which may assist in establishing a factual basis for the acceptance of defendant's plea. After reviewing the record, including the presentence report filed by the adult probation office, this court has found no additional information to assist in establishing a factual basis for accepting defendant's plea of guilty to aggravated assault—with serious physical injury.

plea agreement. The judge pro tempore served in place of a vacationing judge.

In addition, the facts do not show that defendant committed the assault with "a deadly weapon or dangerous instrument." Such a showing would be necessary to show a violation of § 13–1204(A)(2) which is the only other subsection which is a class *3* felony. The factual basis obtained might satisfy subsection (A)(4), and with some supplemental facts might also satisfy subsections (A)(3) and (A)(8), but these three subsections are class *6* felonies. *See* A.R.S. § 13–1204(B).

Granting that the deputy public defender misled the trial judge regarding the factual basis which would satisfy A.R.S. § 13–1204(A)(1), no justification exists for the trial judge not reviewing the particular statutory provisions that the accused purports to acknowledge having violated. A mere perusal of subsection (A)(1) would have indicated that the facts admitted by the deputy public defender and defendant did not provide a factual basis for a class 3 felony.

■ The trial judge engaged in a very questionable practice in permitting the defense attorney to lay the factual basis for the plea, when it may be in the defendant's best interest to have error introduced into the record. The trial judge is not only the guardian of a defendant's rights, but he is also the protector of the victims of crime. The reversal of this conviction and the reinstatement of the original charges will needlessly bring further trauma to the victim and her mother.

It behooves the *trial judge* in the acceptance of a plea of guilty to determine exactly what statute is claimed to be violated and to personally make sure the factual basis obtained from the defendant is sufficient. The prosecutor certainly has the same duty and should assist the trial judge in establishing an appropriate factual basis.

The judgment and sentence are reversed and this case is remanded. The state and defendant can then determine whether an amended plea agreement will be entered into for which a proper factual basis can be laid. If that does not occur, the trial court is directed to set aside the plea agreement and proceed in a manner consistent with this opinion.

EUBANK and FROEB, JJ., concur.