766 P.2d 629

**STATE of Arizona, Appellee,**

v.

**Robert GAYDAS, Appellant.**

**No. 1 CA–CR 12143.**

Court of Appeals of Arizona,
Division 1, Department B.

Dec. 20, 1988.

Robert K. Corbin, Atty. Gen. by William
J. Schafer III, Chief Counsel, Crim. Div.
and Vicki Gotkin Adler, Asst. Atty. Gen.,
Phoenix, for appellee.

Dean W. Trebesch, Maricopa County
Public Defender by James L. Edgar, Depu-
ty Public Defender, Phoenix, for appellant.

OPINION

FIDEL, Judge.

Claiming that a factual basis was not
established for three counts of conspiracy,
the defendant asks us to vacate his guilty
plea.

■ The defendant agreed to plead
guilty to three counts of conspiracy to sell
narcotic drugs. In exchange, the state dis-
missed Count IV, sale of narcotic drugs
with a value of over $250.00, and Count V,
possession of narcotic drugs for sale with a
value over $250.00. The court accepted
defendant's pleas and sentenced him to
three concurrent seven year terms (the pre-
sumptive sentence). Defendant was autho-
rized to file this delayed appeal pursuant to
his Rule 32 petition for post-conviction re-
lief. Defendant argues that a factual basis
for three conspiracies was lacking because
his three acknowledged narcotic sales to
the same undercover officer constituted
but a single conspiracy. We disagree and
affirm the judgment and sentence.

I. FACTS

On June 15, 1984, Gaydas agreed to sell
a narcotic tablet, Dilaudid, to an undercov-

er police officer for $30.00. Sometime that day the sale was completed. On June 19, Gaydas agreed to and made another sale of the same drug to the same officer, this time in a larger quantity. On June 21, Gaydas agreed for the third time to supply the same officer with the same drug, and the sale was completed.

At Gaydas's change of plea hearing, the trial court carefully established that each of the contemplated drug transactions was the object of a separate and distinct agreement:

> THE COURT [JUDGE HERTZBERG]: As to Count I, did you and another person conspire to sell narcotic drugs, namely heroin, on or about—not heroin—rather Dilaudid, a narcotic drug, on or about June 15, 1984?
>
> THE DEFENDANT: Yes, sir.
>
> . . . .
>
> THE COURT: ... Did you obtain the Dilaudid for the purpose of selling the—selling it?
>
> . . . .
>
> THE DEFENDANT: Yes, sir.
>
> . . . .
>
> THE COURT: Now, as to Count II, did you do the same thing on June 19, 1984, on or about that date?
>
> THE DEFENDANT: Yes.
>
> . . . .
>
> THE COURT: For a different deal; is that right?
>
> THE DEFENDANT: Yes, sir.
>
> . . . .
>
> THE COURT: And as a result of this agreement that you made with the police officer, there is a different agreement in Count I, did you obtain the Dilaudid yourself?
>
> THE DEFENDANT: Yes.
>
> THE COURT: For the purposes of the sale?
>
> THE DEFENDANT: Yes, sir.
>
> . . . .
>
> THE COURT: And that was an agreement that was entered into later than the agreement that I talked about in Count I, is that correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now, as to Count III, which involved, in the Indictment, an allegation that you sold Dilaudid on June 21, 1981—1984. Did you, on a different occasion from Counts I and II, on or about June 21, 1984, obtain Dilaudid for the purpose of carrying out a separate and distinct conspiracy from the conspiracies alleged in Counts I and II?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now, this was a third agreement you made with this police officer?
>
> THE DEFENDANT: Yes, sir.
>
> . . . .

Arizona's criminal conspiracy statute, in relevant part, reads as follows:

> A. A person commits conspiracy if, with the intent to promote or aid the commission of an offense, such person agrees with one or more persons that at least one of them or another person will engage in conduct constituting the offense. . . .
>
> . . . .
>
> C. A person who conspires to commit a number of offenses is guilty of only one conspiracy if the multiple offenses are the object of the same agreement or relationship. . . .

A.R.S. § 13–1003.

■ Despite this detailed exchange with the trial court, the defendant argues on appeal that A.R.S. § 13–1003(C) supports a finding of only one conspiracy, not three, because the multiple offenses were the products of a single, unterminated relationship between the defendant and the police officer.[1] A conviction on multiple counts of conspiracy with a single co-conspirator can only be sustained, according to the defendant, upon proof both (1) that there were separate agreements between the conspirators and (2) that these agreements

---

1. In Arizona, it is not a defense to conspiracy that the defendant's only co-conspirator did not have the requisite intent, such as when the only co-conspirator is a police officer. A.R.S. § 13–1006; *State v. Villarreal*, 136 Ariz. 485, 487 n. 1, 666 P.2d 1094, 1096 n. 1 (App.1983).

did *not* arise from one unterminated conspiratorial relationship.

Defendant's theory is mistaken because it overlooks the importance of the word "object" to an understanding of the statutory phrase, "object of the same agreement or relationship." A.R.S. § 13–1003(C). Whether multiple offenses are "the object of the same ... relationship" is a question of fact.

## II. DISCUSSION

The trial court must determine whether a factual basis exists to support a guilty plea. 17 A.R.S. Arizona Rules of Criminal Procedure, Rules 17.3 and 26.2(c). When there are no facts in the record to support each element of the crime, the guilty plea must be vacated. *State v. Wallace*, 151 Ariz. 362, 365, 728 P.2d 232, 235 (1986); *State v. Carr*, 112 Ariz. 453, 455, 543 P.2d 441, 443 (1976); *State v. Cain*, 152 Ariz. 479, 481, 733 P.2d 676, 678 (App.1987).

The elements of conspiracy are (1) an agreement to commit an illegal act and (2) an overt act in furtherance of the agreement. A.R.S. § 13–1003(A); *State v. Sodders*, 130 Ariz. 23, 26, 633 P.2d 432, 435 (App.1981). Defendant does not dispute that these two elements were separately established for each of the three narcotic transactions, as evidenced by the quoted excerpts from defendant's change of plea hearing. Defendant argues, however, that subsection C requires proof of an additional element: that the separate agreements were not the product of an ongoing relationship between the conspirators.

A.R.S. § 13–1003(C) establishes one conspiracy when multiple offenses are the "object of the same ... relationship." As defendant construes this phrase, if his three agreements arose from an ongoing, unterminated relationship, they must be regarded as a single conspiracy under A.R.S. § 13–1003(C). Defendant focuses on the question whether there was an *untermi-*

*nated relationship,* but overlooks the statutory question whether the relationship had as its *object* multiple crimes. A conspiracy generally ends once its criminal objective is attained. *E.g., State v. Yslas,* 139 Ariz. 60, 63, 676 P.2d 1118, 1121 (1984). Whether activities subsequent to the central crime are part of the same conspiracy depends on whether they were part of the original plan. *Id.*

The question in this case is whether the defendant formed an ongoing relationship with the object of committing multiple crimes or whether the relationship was sporadic, reconstituted and relinquished, agreement by agreement and crime by crime. This question is one of fact.

On appeal we view the facts in a light most favorable to sustaining the conviction, *State v. Hutton,* 143 Ariz. 386, 390, 694 P.2d 216, 220 (1985), and we resolve all reasonable inferences against the defendant. *State v. Lawrence,* 123 Ariz. 301, 307, 599 P.2d 754, 760 (1979).

In this case, the factual record is brief, as is typical when conviction is entered on a guilty plea. Yet the trial court carefully established from the defendant that each sale was the object of a separate and distinct agreement with the undercover officer and that each agreement constituted a separate and distinct conspiracy.

We conclude that a factual basis for multiple conspiracies was adequately established to sustain the conviction. The judgment and sentence of the trial court are affirmed.

EUBANK and JACOBSON, JJ., concur.