633 P.2d 432

**STATE of Arizona, Appellee,**

v.

**Michael Eugene SODDERS, Appellant.**

**No. 1 CA-CR 4812.**

Court of Appeals of Arizona, Division 1, Department A.

June 2, 1981.

Rehearing Denied July 9, 1981.

Review Denied Sept. 10, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Asst. Atty. Gen. by and Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James R. Hart, II, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Judge.

Appellant pled guilty to Count I, murder second degree, Count II, attempted armed robbery, and Count III, conspiracy to commit armed robbery. The plea agreement also provided that the sentence imposed for Count III would run concurrently with the sentence imposed for Count I, that the state would not present any evidence in aggravation, that a diagnostic evaluation pursuant to rule 26, Rules of Criminal Procedure, would be conducted prior to sentencing and would be considered by the court in sentencing, and finally that the allegation of a prior burglary conviction would be dismissed at sentencing. Appellant was sentenced to serve a period of 21 years on Count I, with credit for 344 days of presentence incarceration; appellant was sentenced to serve a period of 15 years on Count II, to be served consecutively to the term imposed on Count I; and appellant was sentenced to serve a period of 14 years on Count III, to run concurrently with the term imposed on Count I and with credit for 344 days of presentence incarceration. Appellant timely filed his notice of appeal.

He raises four issues for consideration herein:

(1) Whether the record establishes an adequate factual basis for the acceptance of the guilty plea;

(2) Whether his plea was involuntary because the trial court failed to explain the elements of the crimes to which he pled guilty;

(3) Whether the prosecutor violated the terms of the plea agreement; and

(4) Whether the trial court erred in failing to credit appellant for presentence incarceration time on Count II.

For his first issue on appeal, appellant contends that the record fails to establish an adequate factual basis to support his pleas of guilty. Rule 17.3, Rules of Criminal Procedures, 17 A.R.S., provides that a factual basis must be present for each element of a crime charged to which a criminal defendant enters a guilty plea. The factual basis may be determined from the extended record which may include presentence report, preliminary hearing transcripts, statements of the defendant, proceedings before the grand jury, and other sources. *State v. Varela*, 120 Ariz. 596, 587 P.2d 1173 (1978).

In the instant case, the trial court had heard numerous pretrial motions and stated during the plea proceedings:

Counsel, I have sat through approximately a week of motions, and I think I have heard the factual basis for the plea. That would be the state's evidence at trial?

The evidence in the hearings on the motions showed that appellant told investigating officer Campbell that he and co-defendant Timothy Axley were driving around in Axley's car on the evening of July 13, 1979, when they decided to rob a laundromat. They agreed that they would split the money obtained in the robbery and further agreed that appellant would enter the laundromat and use a gun, brought by Axley, to obtain the money. This evidence was elicited additionally through the testi-

mony of Officer Marks during one of the pretrial hearings. Appellant told Officer Campbell that he took the gun, put it into the waistband of his pants, and pulled it out of the waistband of his pants after he entered the laundromat. Officer Marks further testified that appellant made the following statement after he was arrested:

I pointed the gun at her and said this is a holdup and the gun went off ... [it] looked easy and I didn't need much money. I didn't mean to hurt her. The gun just went off. I never went in before. This is the first time I ever went in.

Moreover, at the time of the change of plea proceeding, although appellant initially indicated some confusion, he stated unequivocally that he was the individual who went into the laundromat and shot the homicide victim.

Accepting the appellant's version of the evidence, the factual basis for the plea to second degree murder would fall under the provisions of A.R.S. § 13–1104(A)(3), which reads as follows:

A. A person commits second degree murder if without premeditation; ...

3. Under circumstances manifesting extreme indifference to human life, such person recklessly engages in conduct which creates a grave risk of death and thereby causes the death of another person.

The appellant's statements to the officers and his statement to the court clearly establish that he pointed the gun at the victim and that the victim was shot in the attempted robbery. Such conduct manifested an extreme indifference to human life, and his reckless conduct did result in the death of the victim.

In order to establish a factual basis for appellant's plea to attempted armed robbery, there must be evidence in the record that appellant attempted by force or threats, while armed with a deadly weapon, to take property from another person. A.R.S. §§ 13–1902(A), 13–1904(A)(1). The evidence elicited through the statements of appellant in the testimony of Officer Marks and Officer Campbell shows that appellant

entered the laundromat with the intent of robbing it, pointed the gun at the victim, and stated "This is a holdup." The evidence is sufficient to constitute a factual basis for a plea of attempted armed robbery.

In order for the trial court to have found a factual basis for the plea of conspiracy to commit armed robbery, the record must show that appellant and another agreed to engage in conduct constituting the offense of armed robbery and then committed an overt act in furtherance of the conspiracy. A.R.S. § 13–1003. Officer Marks' testimony to the effect that Axley told him that he and appellant agreed that appellant would enter the laundromat and use the gun to obtain the money, that they agreed to split the money obtained in the robbery, and the subsequent entry by the appellant into the laundromat with the gun all constitute a sufficient factual basis for a plea of conspiracy to commit armed robbery.

Finally, the trial court at the time of the entry of the plea recited the following facts:

Timothy Brian Axley drove a 1973 Chevrolet Vega Hatchback, license plate RFR 562; the car was driven parallel to the south side of Suntown Laundry, a dry cleaning and laundry store; the car was driven on to the access road bordering 27th Avenue; after entry onto the access road, Timothy Brian Axley proceeded westbound and stopped the car and turned off the engine and headlights; Michael Eugene Sodders exited the car and walked toward Suntown Laundry; Michael Eugene Sodders was armed with a .22 caliber revolver; Michael Eugene Sodders entered the Suntown Laundry and pointed the revolver at Teddie Tomlin at which point the gun was fired.

Appellant agreed that the facts as recited by the trial court constituted one of the charges against him, and he agreed to plead guilty to the facts as recited. Under the circumstances, we find that there was a sufficient factual basis for appellant's plea of guilty to each count.

Appellant next contends that his plea was involuntary because the trial court failed to explain to him any of the elements necessary for a conviction of the crimes of second degree murder, attempted armed robbery or conspiracy to commit armed robbery. Specifically, appellant argues that the trial court failed to explain that the offense of murder second degree allegedly requires that a person intentionally or knowingly caused the death of another. Further, although appellant concedes that the trial court is not required to advise a criminal defendant of each specific element of the offense to which he is pleading guilty absent the special circumstances found in *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), appellant contends that the facts of this case do contain the special circumstances found in *Henderson v. Morgan*. We disagree with appellant's contentions.

■ We note at the outset that rule 17.2, Rules of Criminal Procedure, 17 A.R.S., provides that:

Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:

a. the nature of the charge to which the plea is offered;

However, the duty of the trial court to advise a defendant of the nature of the charge to which he is pleading guilty does not require that the trial court advise a defendant of each specific element of the crime to which he pleads guilty. *State v. Devine*, 114 Ariz. 574, 562 P.2d 1072 (1977); *State v. Henry*, 114 Ariz. 494, 562 P.2d 374 (1977). Only under the special circumstances as found in *Henderson v. Morgan* is the trial court required to advise the defendant of each specific element of the offense to which he is pleading guilty. *State v. Ohta*, 114 Ariz. 489, 562 P.2d 369 (1977). In *Henderson v. Morgan*, the defendant pled guilty to second degree murder; however, neither the trial court nor his counsel explained to him that intent to cause death was an element of the offense. He made no admis-

sion that he had an intent to cause death at the time of the offense, and he specifically contended through remarks of counsel that he did not have an intent to cause death and that he should have been charged with manslaughter rather than murder. The record also revealed that the defendant was of sub-normal intelligence. Under those circumstances, the Supreme Court held that the plea was involuntary.

■ The instant case is not analogous to *Henderson v. Morgan*. First, under the provisions of A.R.S. § 13–1104(A)(3), a person may commit second degree murder without an intent to cause death to another. The state can establish second degree murder by a showing that the defendant recklessly caused the death of another person under circumstances manifesting an extreme indifference to human life. Therefore, it was not necessary for the trial court in the instant case to inform appellant that intent to cause death was an element of second degree murder.

Further, although the record in this case reveals that appellant had a long history of severe drug dependence and attendant psychiatric problems, the reports of the psychiatrists attached to the presentence report revealed that he fully understood the proceedings against him and that he was competent to enter a plea of guilty. The record further reveals that in numerous exchanges with the trial court, the defendant was oriented as to time and place, had a full understanding of the proceedings against him, and expressed himself articulately and clearly. Moreover, unlike the claim in *Henderson v. Morgan*, neither appellant nor his counsel argued in the trial court that he committed the offense of manslaughter. Instead, the defendant advised the court that he knew he was originally charged with first degree murder, and that he was entering a plea to second degree murder because of the more favorable sentencing consequences. Appellant admitted shooting the victim with a gun at close range. Such acts manifests an extreme indifference to human life and constitute acts sufficient to support a plea of guilty to second degree murder.

Finally, in many instances a reading of an information or indictment is sufficient to apprise a defendant of the nature of the charges to which he pleads guilty. *State v. Duran*, 109 Ariz. 566, 514 P.2d 487 (1973). In the instant case, the trial court read the indictment consisting of all the charges against the defendant to appellant in open court. Nothing in the record reveals that he did not comprehend the nature of the charges. Under the circumstances, we find that the record reveals that his plea was voluntarily entered.

Appellant next contends that the prosecutor violated the terms of the plea agreement by breaching his promise not to present any evidence at the aggravation hearing. The plea agreement in this case provided:

> The state will not present any evidence in an aggravation hearing.

The prosecutor sent a letter to the probation officer preparing the presentence report which stated "based on all the information in this case and the existence of the below listed aggravating circumstances, the state believes that the defendant should be sentenced to the maximum time allowed under the plea agreement which is 36 years."

At the presentence hearing on June 20, 1980, the judge announced that he had read the presentence report. He further stated that the letter from the Deputy County Attorney, which was to be attached to the report was not read. The judge stated that in "exercising an abundance of caution", he did not and would not read such letter prior to sentencing since the state had agreed in the plea agreement not to present any evidence at this hearing.

Counsel for the appellant presented six witnesses. The state called no witnesses and the deputy county attorney only briefly cross-examined a Dr. Merring on his qualifications in the field of psychiatry. At the conclusion of the hearing, the deputy county attorney, without formal objection, made the following presentation and argument to the court:

MR. ELLEXSON: Your Honor, the Court heard the tape during the motion to suppress the defendant's statements, and I believe that that clearly shows that it was the defendant and not Mr. Axley who caused this robbery and killing to occur.

The defendant here is not the weak willed person that he is being portrayed as. Mr. Axley didn't ask him to do a robbery for him, didn't tell him to take the gun in and use it to do a robbery.

All of the evidence before the Court during the motions to suppress indicated that it was the defendant here who got Axley to help him with the robbery, who asked Axley to bring the gun.

It is the State's belief that Mr. Watkins was correct when he said that the defendant is not able to live in society, and therefore, the State would request that the Court impose a sentence on the defendant, the maximum sentence under the plea agreement that it can impose, that is 38 years in the Arizona State Prison.

Specifically, appellant argues that the above actions of the prosecutor constitute a violation of the spirit of the plea agreement. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *State v. Davis*, 123 Ariz. 564, 601 P.2d 327 (App.1979). We agree.

In *State v. Davis, supra*, this court was faced with a similar fact situation and we held that the state had violated the spirit of the plea agreement. In *Davis*, the plea agreement contained a provision that the state would not present an aggravation hearing. However, after signing the plea agreement, the deputy county attorney in *Davis* gave statements to the adult probation officer to be placed in the presentence report which indicated that the defendant was a dangerous criminal who should receive a 9 to 10 year prison sentence.

■ In the case before us, the deputy county attorney, who signed the plea agreement, gave a letter to the probation officer which violated the spirit of the plea agreement. Since this letter was not considered

by the court, we find this harmless error. However, when the deputy county attorney made his forceful presentation at the presentence hearing, which branded the defendant as the dominant planner and perpetrator of the robbery and killing, it appears that the state, through no fault of the trial judge, did violate the spirit of the plea agreement. The deputy county attorney's final request to the court to impose the maximum sentence of 38 years clearly illustrates the active participation of the state in this hearing. While the state called no witnesses, it was able to present a strong argument in aggravation through the unsworn, hearsay testimony of the deputy county attorney.

■ A breach of a plea agreement occurs not only when the prosecution breaks its promise, but also when the spirit of the inducement is breached. *United States v. Shanahan*, 574 F.2d 1228 (5th Cir. 1978).

Under the provisions of A.R.S. § 11–532, the county attorney is made the public prosecutor. When such county attorney or his deputy contracts in a plea agreement to a limited participation in a criminal proceeding, such prosecutor is in effect modifying such prosecutorial duty. We therefore have reservations as to the wisdom of state prosecutors ever entering into similar plea agreements whereby they limit their role as prosecutors. However, once the prosecutors enter into such a plea agreement not to present any aggravation evidence, they have made a binding agreement and must comply with the terms and spirit of such agreement.

The sentences imposed herein are vacated and the case is remanded to the superior court for resentencing proceedings before a different judge. A new presentence report should be presented deleting the prosecutor's letter, and a new presentence hearing should be held consistent with this decision.

Since the final issue raised in this appeal may arise again at the resentencing, we will consider it now.

The appellant contends that the trial court erred in failing to grant him credit for 344 days of presentence incarceration with regard to Count II. Appellant relies on A.R.S. § 13–709(B), which states:

All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter.

The trial court sentenced appellant to serve 15 years imprisonment for Count II and ordered that sentence to run consecutive to the sentences imposed for second degree murder and conspiracy to commit armed robbery. With regard to the sentences for second degree murder and conspiracy to commit armed robbery, the trial court did give appellant credit for 344 days presentence incarceration. Appellee argues that A.R.S. § 13–709(B) does not require the trial court to give a defendant credit for presentence incarceration on a sentence that runs consecutive to a sentence for which he has already received credit. Appellee concludes that to credit each consecutive sentence would require that a defendant would receive double credit or, in this case, 688 days. Appellee relies on *State v. Salazar*, 24 Ariz.App. 472, 539 P.2d 946 (1975).

■ While we note that *State v. Salazar* was decided prior to the enactment of A.R.S. § 13–709(B), we believe that the reasoning of that case is instructive for purposes of interpreting the new statute. In that case, we noted that "[t]he rationale behind giving credit for presentence incarceration is the denial of equal protection that flows to the poor not able to make bail." 24 Ariz.App. at 476, 539 P.2d 946. We concluded that there was no denial of equal protection when a sentencing court exercising its discretion determines that a consecutive sentence is to be served and does not give credit on the consecutive sentence where the prior sentence gives credit for presentence incarceration. We concluded that equal protection did not required a compounding of credit time for purposes of consecutive sentences. Appellant argues that the language of A.R.S. § 13–709(B) is

clear in that it requires that if time is spent in custody pursuant to a specific offense, it must be credited against that offense. We do not believe, however, that the legislature intended that a criminal defendant would receive compounded credit time when consecutive sentences are imposed. Thus, we conclude that A.R.S. § 13–709(B) does not require that presentence incarceration credit must be given on each consecutive sentence imposed. We conclude that the trial court did not err in the failure to grant credit for the 344 days of presentence incarceration as to the Count II sentence imposed.

The judgments of guilt on the three counts are affirmed. The sentences imposed are vacated and this case is remanded for resentencing consistent with this decision.

CONTRERAS, P. J., and GOTTSFIELD, J., concur.

*NOTE*: The Honorable Robert L. Gottsfield was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz.Const. art. VI, § 3.