830 P.2d 867

**STATE of Arizona, Appellee,**

v.

**Joseph Michael RODRIGUEZ, Appellant.**

No. 1 CA–CR 90–1738.

Court of Appeals of Arizona, Division 1, Department E.

Dec. 12, 1991.

Review Denied June 16, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, for appellant.

## OPINION

VOSS, Judge.

Defendant Joseph Michael Rodriquez was convicted of conspiracy to manufacture a dangerous drug, a class 3 felony. He pled guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Defendant was placed on five years probation and ordered to perform 200 hours in the work order program in lieu of a fine. He appeals from the judgment of conviction and the imposition of probation.

Defendant contends that there was an inadequate factual basis to support his plea because the factual basis presented did not establish that defendant was involved in a conspiracy. A guilty plea will not be sustained if no factual basis exists in the record for each element of the crime. *State v. Wallace*, 151 Ariz. 362, 728 P.2d 232 (1986), *cert. denied*, 483 U.S. 1011, 107 S.Ct. 3243, 97 L.Ed.2d 748 (1987). "While this factual basis need not be established beyond a reasonable doubt, the court still must find 'strong evidence' of guilt." *Id.* at 365, 728 P.2d at 235.

At the change of plea hearing defense counsel presented the following factual basis. Police received information that a PCP lab was located at a certain address in Phoenix. The police discovered the defendant and three other people in a building with large quantities of precursory drugs used in the preparation of PCP. PCP was also found in the building. The defendant had a strong odor about him that is associated with the preparation of PCP. The only evidence of a conspiracy was that there were three other people in the lab who were arrested at the same time as the defendant. The court asked defense counsel if there was evidence that would indicate that defendant was acting in concert with another person in the manufacture of PCP. Counsel replied that a conspiracy would be "a very reasonable inference" from the circumstances. The extended record does not provide a more extensive factual basis.

We agree with the state that circumstantial evidence is sufficient to provide a factual basis to support a guilty plea to conspiracy. *State v. Arredondo*, 155 Ariz. 314, 746 P.2d 484 (1987). In order to sustain a guilty plea to a drug conspiracy the record must show that defendant and another agreed to manufacture a dangerous drug and then committed an overt act in furtherance of the conspiracy. *See State v. Sodders*, 130 Ariz. 23, 26, 633 P.2d 432, 435 (App.1981). "Any action sufficient to corroborate the existence of an agree-

ment to commit the unlawful act and to show that it is being put into effect supports a conspiracy conviction." *Arredondo* 155 Ariz. at 316–17, 746 P.2d at 486–87. "The primary focus of the crime of conspiracy is the agreement itself, the collusion, the secrecy and the resulting threat to society created by such criminal liaisons. [Citations omitted.] Mere knowledge or approval of, or acquiescence in, the object and purpose of a conspiracy without an agreement to cooperate in achieving such object or purpose does not make one a party to conspiracy." *Id.* at 317, 746 P.2d at 487.

Here, we can find no act, however slight, which would provide a factual basis to support a conviction for conspiracy. The only evidence in the extended record is that defendant was found in the company of three other people. We cannot infer from the mere presence of another that a conspiracy to manufacture dangerous drugs existed. *Id.* "[T]he mere presence of a person at the scene of a crime, even where the person knows that a crime is taking place, will not support a conspiracy conviction." *Id.*

This court recognizes the practical underpinnings of this proceeding. Defendant was offered and accepted a good deal. This opinion should serve to remind counsel, however, that when a conspiracy offense is the vehicle of the plea, they must also remain attentive to the factual underpinnings of the plea.

For the foregoing reasons the conviction is reversed and the case remanded for further proceedings.

FIDEL, P.J., and SHELLEY, J., concur.

NOTE: The Honorable Melvyn T. Shelley, a retired judge of the Court of Appeals, was authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Ariz. Const. art. VI, § 20.