NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

FOREST CLAYTON, *Petitioner.*

No. 1 CA-CR 13-0354 PRPC
FILED 12-16-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2011-048276-001
CR2011-123862-001
CR2011-125379-001
The Honorable Roger E. Brodman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Forest Clayton, San Luis
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Peter B. Swann joined.

---

**W I N T H R O P**, Judge:

**¶1**          Petitioner, Forest Clayton ("Clayton"), petitions this court for review from the dismissal of his petition for post-conviction relief. We review for an abuse of discretion a trial court's denial of a petition for post-conviction relief based on the lack of a colorable claim. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006). We have considered the petition for review and, for the reasons stated, grant review, but deny relief.

**¶2**          Clayton pled guilty to attempted armed robbery and two counts each of robbery and armed robbery in three cases. The trial court sentenced him to an aggregate term of thirteen years' imprisonment followed by three years' probation. Clayton filed a consolidated, pro se petition for post-conviction relief of right in the three cases after his counsel found no colorable claims for relief. The trial court dismissed the petition, and Clayton now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3**          Clayton asserts his trial counsel was ineffective when she advised Clayton that concealing his hand in a canvas bag and displaying the bag to the victims of his robberies was sufficient to simulate a deadly weapon and support a conviction for armed robbery and attempted armed robbery. Clayton argues his counsel was incorrect and that he did not simulate a deadly weapon when he did nothing more than place his hand in a bag and display the bag to the victims.

**¶4**          We deny relief because Clayton has failed to state a colorable claim for relief. A person commits armed robbery if the person commits a robbery while armed with a deadly weapon or a simulated deadly weapon, or if the person uses or threatens to use a deadly weapon, dangerous instrument, or simulated deadly weapon. Ariz. Rev. Stat. § 13-1904(A)(1)-(2) (West 2014). Clayton's counsel was correct that a person who conceals his or her hand and positions it in a manner that makes it appear that person has a deadly weapon is armed with, is using, and/or is threatening to use a simulated deadly weapon. *See State v. Bousley*, 171 Ariz. 166, 168, 829 P.2d

1212, 1214 (1992) (addressing a hand hidden under clothing).  Further, at the change of plea hearing, Clayton informed the trial court that, when he committed the armed and attempted armed robberies, he placed his hand in a bag to simulate a weapon, and he did so to coerce the victims to surrender property through force or the threatened use of force.  The court sought to clarify that Clayton had been "simulating a gun or weapon of some sort," and Clayton responded affirmatively.  The extended record further shows Clayton actually told some of his victims he had a gun in the bag and/or would shoot them if they did not cooperate.[1]  This was sufficient to support his pleas to armed robbery and attempted armed robbery.

¶5        We grant review, but deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh

---

[1]        We may consider the extended record in determining whether a sufficient factual basis exists to support a plea.  *State v. Sodders*, 130 Ariz. 23, 25, 633 P.2d 432, 434 (App. 1981).  This includes presentence reports, transcripts from preliminary hearings, proceedings before the grand jury, and other sources.  *Id.*  Strong evidence of guilt is all that is required, not evidence of guilt beyond a reasonable doubt.  *State v. Salinas*, 181 Ariz. 104, 106, 887 P.2d 985, 987 (1994).