NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

JESUS DANIEL MOLLINEDA SANCHEZ,
*Appellant.*

No. 1 CA-CR 15-0335
FILED 8-2-2016

Appeal from the Superior Court in Maricopa County
No.   CR 2013-445240-001
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kenton D. Jones joined.

O R O Z C O, Judge:

¶1　　　　Jesus Daniel Mollineda Sanchez appeals his conviction and the resulting sentence for trafficking in stolen property in the second degree, a class three felony. Pursuant to *Anders v. Cal.*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), Sanchez's counsel has filed a brief indicating she searched the entire record and finding no arguable question of law, asks this court to review the record for fundamental error. Sanchez was given the opportunity to file a supplemental brief in propria persona, but has not done so. Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2　　　　On May 11, 2013, Validity employee J.J. noticed that several computers were missing from Validity's office. J.J.'s co-worker, R.D., searched the internet for the missing computers using their serial numbers. R.D. found one of Validity's computers for sale on E-Bay for $540. The E-Bay seller also listed the other missing computers. R.D. then discovered that the seller was connected to the Youtube account of Sanchez, who resided in Phoenix. Validity employees reported this information to the police.

¶3　　　　Detective Goldman with the Phoenix Police Department learned that Sanchez cleaned Validity's office the night before J.J. noticed the computers were missing. Detective Goldman located Sanchez, who explained that he had already sold one of the computers on E-Bay,[1] but the other four computers remained in his storage unit. Sanchez refused to tell Detective Goldman how he obtained the computers. Detective Goldman returned the computers to Validity, but the hard drives were missing. Sanchez subsequently returned the hard drives.

---

[1]　　　The sold computer was later returned by the buyer.

2

¶4        Sanchez was charged with burglary in the third degree and trafficking in stolen property.[2] At trial, Sanchez testified that he received the computers from his manager, Hilda,[3] who he thought had purchased the computers from a bulk electronics auction. Sanchez, who was familiar with fixing computers and electronics, agreed to sell the computers for Hilda, and he would keep a percentage of the profits. Sanchez testified he never thought that Hilda could be involved in theft, but he also did not ask if the computers were stolen.

¶5        J.J. testified that the hardware for each of the five stolen computers was valued between $1000 and $1750 and that the value of the data stored on the machines was between $100 to $200 million. J.J. further testified that Validity purchased $6000 worth of replacement computers and twenty designers were left with no work for two weeks, causing the company to suffer financial harm.

¶6        The jury found Sanchez guilty of trafficking in stolen property in the second degree. The jury found four aggravating factors: the value of the property taken was sufficient to be an aggravating circumstance, Sanchez committed the offense in consideration of the receipt of pecuniary value, the victim suffered physical, emotional or financial harm, and Sanchez was on probation at the time of his offense. As mitigating factors, the trial court considered Sanchez's family, his young age, his potential for rehabilitation, and his cooperation with law enforcement in returning the stolen property. The trial court also found Sanchez had two historical prior felony convictions.

¶7        At sentencing, the trial court found that the aggravating and mitigating circumstances were essentially equivalent. The trial court imposed the presumptive sentence of 11.25 years' incarceration for the trafficking in stolen property offense. In addition, because Sanchez was on probation for his two historical prior felonies at the time of this offense, the trial court sentenced Sanchez to two more years of imprisonment, one year for each count. The trial court imposed consecutive sentences for all three offenses and gave Sanchez eighty-two days' presentence incarceration credit.

---

[2] The trial court dismissed the burglary charge pursuant to Rule 20, Arizona Rules of Criminal Procedure.

[3] Hilda moved to Brazil in December 2013 and was unavailable at trial.

¶8         Sanchez timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1, 13-4031, and -4033.A.1 (West 2016).[4]

**DISCUSSION**

¶9         Sufficiency of the evidence is reviewed "in the light most favorable to sustaining the conviction."  *State v. Tison*, 129 Ariz. 546, 552 (1981).  All reasonable inferences are resolved against the defendant.  *Id.*  A reversal of a conviction based on insufficiency of evidence requires a clear showing that there was not sufficient evidence to support the jury's conclusion under any hypothesis whatsoever.  *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004).

¶10        Under A.R.S. § 13-2307.A, "[a] person who recklessly traffics in the property of another that has been stolen is guilty of trafficking in stolen property in the second degree."  A violation of this statute "in the second degree is a class 3 felony."  A.R.S. § 13-2307.C.  To conclude that an action is recklessly performed requires a showing that "a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists."  A.R.S. § 13-105.10(c).  Furthermore, the risk must be "of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation."  *Id.*

¶11        The State presented sufficient evidence to support the jury's verdict.  Sanchez sold one of the stolen computers on E-Bay and his name was the only name on the storage facility that contained the other four computers.  The jury was instructed that "[p]roof of the purchase or sale of stolen property at a price substantially below its fair market value, unless satisfactorily explained, may give rise to an inference that the defendant was aware of the risk that it had been stolen."  Evidence was presented that Sanchez had knowledge of computers, but listed them for a sale price substantially below fair market value.  This evidence was sufficient for the jury to find Sanchez guilty of trafficking in stolen property.

¶12        The State also presented sufficient evidence to support the jury's verdict of the aggravating circumstances.  Under A.R.S. § 13-701.D.6, the jury must determine and the trial court must consider as an aggravating factor whether "[t]he defendant committed the offense as consideration for

---

[4]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

the receipt, or in the expectation of the receipt, of anything of pecuniary value." Sufficient evidence supported the jury's finding on the first factor. Sanchez testified that he expected to get a percentage of the profit from the computers sold on E-Bay.

¶13 The State also alleged three other aggravating factors: the value of stolen goods, harm to the victim, and Sanchez's probation violation. Under A.R.S. § 13-701.D.25, the State can allege as aggravating circumstances "[a]ny other factor that . . . is relevant to the defendant's character or background or to the nature or circumstances of the crime." Sufficient evidence supported the jury's verdict on the other three aggravating circumstances. J.J. testified in trial that the hardware for each of the five stolen computers was valued between $1000 to $1750 and that the value of the computer data was between $100 to $200 million. A jury could reasonably find that Sanchez's offense was harmful and involved the taking of property in an amount sufficient to be an aggravating circumstance given the evidence. Also, Sanchez's probation officer testified that Sanchez was on probation at the time of the trafficking in stolen property offense.

¶14 Although the trial court considered Sanchez's family, his young age, his potential for rehabilitation, and his cooperation with law enforcement in returning the stolen property as mitigating circumstances, the trial court found that the four aggravating factors were essentially equivalent and imposed the presumptive sentence. Because of the two prior historical felonies, Sanchez was a category three repetitive offender under A.R.S. § 13-703.C. Therefore, pursuant to A.R.S. § 13-703.J, the trial court properly imposed the presumptive sentence.

¶15 The trial court also properly revoked Sanchez's probation for his two prior historical felony offenses, sentencing him to two additional one-year sentences, and correctly applied the eighty-two days' presentence incarceration credit to only the first count. *See State v. Sodders*, 130 Ariz. 23, 29-30 (App. 1981) (relating that credit should not be given on each consecutive sentence). Under A.R.S. § 13-711.A, the trial court correctly ordered these three sentences to run consecutively. The trial court properly calculated Sanchez's sentences and gave him the correct number of days of presentence incarceration credit.

**CONCLUSION**

¶16 We have read and considered counsel's brief. We have carefully searched the entire appellate record for reversible error and have

found none. *See State v. Clark*, 196 Ariz. 530, 541, ¶ 49 (App. 1999). All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. We find substantial evidence supported the jury's guilty verdicts. Sanchez was represented by counsel at all critical stages of the proceedings. At sentencing, Sanchez and his counsel were given an opportunity to speak, and the trial court imposed a legal sentence. For the foregoing reasons, Sanchez's conviction and sentences are affirmed.

**¶17** Counsel's obligations pertaining to Sanchez's representation in this appeal have ended. *See State v. Shattuck*, 140 Ariz. 582, 584 (1984). Counsel need do nothing more than inform Sanchez of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See id*. at 585. Sanchez has thirty days from the date of this decision to proceed, if he so desires, with an in propria persona motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: AA