NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

STEVEN RAY PITTMAN, *Petitioner*.

No. 1 CA-CR 15-0078 PRPC
FILED 1-17-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2013-113069-001 DT
The Honorable David B. Gass, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Steven Ray Pittman, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

**W I N T H R O P**, Judge:

¶1 Petitioner, Steven Ray Pittman, petitions for review of the summary dismissal of his petition for post-conviction relief of-right. Pittman pled guilty to burglary in the third degree, and the superior court sentenced him to six years' imprisonment as stipulated in the plea agreement. Pittman argues the superior court had no jurisdiction over his case because the victim never personally charged Pittman through a sworn complaint and because the named "plaintiff" in the information, the State of Arizona, was not the injured party. He further argues there was an insufficient factual basis to support his plea because there was no evidence he removed property from the vehicle he burglarized.[1]

¶2 We deny relief. Regarding the jurisdiction claim, no requirement exists that the victim personally charge Pittman through a sworn complaint; nor must the victim appear as the "plaintiff" or charging authority in the charging instrument. Regarding the factual basis of the plea, a person commits burglary in the third degree in relevant part if the person unlawfully enters a nonresidential structure with the intent to commit any theft or any felony therein. Ariz. Rev. Stat. ("A.R.S.") § 13-1506(A)(1) (2010). The definition of "structure" includes vehicles. *See* A.R.S. § 13-1501(12) (Supp. 2012). At the change of plea hearing, the court established that on the date of the incident, and within the jurisdiction of the court, Pittman unlawfully entered a vehicle with the intent to commit a theft. This is a sufficient factual basis to support the plea. The extended record further shows that the victim and at least one law enforcement officer observed Pittman enter the vehicle and take the victim's wallet and cell phone.[2]

¶3 We do not address Pittman's additional claim that the superior court misidentified Pittman's sentence as a mitigated sentence because Pittman did not present that issue below. A petition for review may not present issues not first presented to the trial court. *See State v. Bortz*, 169 Ariz. 575, 577-78, 821 P.2d 236, 238-39 (App. 1991); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988), *approved as modified*, 164 Ariz.

---

[1] Pittman raised additional issues below that he does not present for review.

[2] We may ascertain the factual basis to support a plea from the extended record. *State v. Sodders*, 130 Ariz. 23, 25, 633 P.2d 432, 434 (App. 1981). This includes presentence reports, transcripts from preliminary hearings, proceedings before the grand jury, and other sources. *Id.*

485, 794 P.2d 118 (1990); *State v. Ramirez*, 126 Ariz. 464, 467-68, 616 P.2d 924, 927-28 (App. 1980); Ariz. R. Crim. P. 32.9(c)(1)(ii); *see also State v. Swoopes*, 216 Ariz. 390, 403, ¶¶ 41-42, 166 P.3d 945, 958 (App. 2007) (holding there is no review for fundamental error in a post-conviction relief proceeding); *State v. Smith*, 184 Ariz. 456, 459, 910 P.2d 1, 4 (1996) (same).

**¶4**        Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA