NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

PETER M. LECHUGA, *Petitioner*.

No. 1 CA-CR 15-0780 PRPC
FILED 7-20-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-118346-002 DT
The Honorable Charles Donofrio III, Judge *Pro Tempore* (Retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By David R. Cole
*Counsel for Respondent*

Peter M. Lechuga, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

**C R U Z**, Judge:

¶1　　　　Petitioner Peter M. Lechuga seeks review of the superior court's dismissal of the underlying petition for post-conviction relief. "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4, 166 P.3d 945, 948 (App. 2007). We have considered the petition for review and find that Lechuga has not sustained his burden of establishing such abuse here. Therefore, we grant review but deny relief.

¶2　　　　Lechuga was indicted on two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs with a suspended or revoked driver's license. The state filed allegations of five prior felony convictions and historical priors; two of which were also for aggravated driving under the influence. Lechuga pleaded guilty to one count of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs with one prior felony conviction. The state, in turn, dismissed the second count on the indictment and the remaining allegation of historical prior felony offenses. The superior court then sentenced Lechuga, within the range stipulated to in the plea agreement, to five years' imprisonment and awarded pre-incarceration credit.

¶3　　　　Lechuga filed a timely notice of post-conviction relief and the superior court appointed counsel to represent Lechuga. Post-conviction relief counsel, after reviewing the trial materials, found no claims for relief to raise, filed a notice of completion of post-conviction review, and requested an extension of time for Lechuga to file a *pro per* petition for post-conviction relief. Lechuga's *pro per* petition raised issues of fact regarding the underlying case, and ineffective assistance of counsel for: failure to challenge those factual issues; failure to raise what he perceived to be a mitigating circumstance; and for failure to advocate for Lechuga at sentencing. The superior court denied and dismissed the petition for post-conviction relief.

¶4　　　　On review, Lechuga argues ineffective assistance of counsel for failing to adequately and competently defend Lechuga pre-plea and at sentencing. Lechuga also claims that he received an unfair sentence resulting from an illegal plea. However, a plea agreement waives all non-jurisdictional defenses, errors, and defects which occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200, 655 P.2d 23, 24 (App. 1982). The waiver of non-jurisdictional defects includes deprivations of constitutional rights. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant

has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Lechuga's complaints regarding trial counsel's failure to challenge the blood alcohol concentration level based on the variance in breath test results, and his claim that he was forced to drive due to his brother's medical status, are barred. Further, a guilty plea need only be established by strong evidence; there is no requirement of guilt beyond a reasonable doubt. *State v. Salinas*, 181 Ariz. 104, 106, 887 P.2d 985, 987 (1994). The factual basis for a plea agreement may be ascertained from the extended record. *State v. Sodders*, 130 Ariz. 23, 25, 633 P.2d 432, 434 (App. 1981). In the instant case, a review of the record indicates that Lechuga's factual basis was supported by a blood draw test taken an hour and twenty-two minutes after the stop with a blood alcohol concentration higher than that of the breath test.[1] Lechuga has provided no facts to substantiate his claims regarding the legality of the plea.

¶5        Lechuga's argument that the sentencing range he agreed to and the subsequent sentence he received were illegal has no basis in fact or law. The state alleged five prior felonies of which two were for aggravated driving under the influence. Lechuga pleaded guilty to one count of the charged offenses with one prior felony conviction and was sentenced accordingly. The record indicates that Lechuga was aware of his sentencing range as he participated in a lengthy and thorough settlement conference. The record further establishes that the court did specifically find aggravating circumstances in support of the slightly aggravated sentence which was well within the stipulated range. Lechuga has failed to demonstrate that the superior court abused its discretion by imposing a slightly aggravated sentence.

¶6        Finally, to state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397, 694 P.2d 222, 227 (1985). To show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If a defendant fails to make a sufficient showing on either prong of the

---

[1]        This evidence was provided by the state, in response to the superior court's question regarding the blood test.

*Strickland* test, the superior court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985). Lechuga has failed to meet his burden to substantiate a claim of deficient performance by trial counsel on both prongs. He has neither demonstrated that counsel's performance fell below the prevailing industry standard nor that he suffered prejudice due to counsel's representation.

¶7            Whether to grant or deny post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32 is within the superior court's discretion. This court will not reverse the superior court's decision absent an abuse of discretion. *State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986). Lechuga has failed to raise a colorable claim for which this court may grant relief. Therefore, while we grant review, we deny relief.

